## McELHENY v. UNITED STATES.

### No. 10690.

Circuit Court of Appeals, Ninth Circuit.

Dec. 28, 1944.

Chas. L. Gilmore, of Sacramento, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell and Thomas O'Hara, Asst. U. S. Attys., both of Sacramento, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant was indicted in six counts. Count 1 charged that appellant took and carried away for his own use, with intent to steal and purloin, certain property of the United States.[1] Each of the other counts charged that appellant had in his possession, with intent to convert to his own use and gain, certain property of the United States which had theretofore been stolen, knowing the same to have been so stolen.[2] Appellant was arraigned, pleaded not guilty, waived jury trial, was tried by the court, and was found guilty on count 1 and not guilty on the other counts. A motion for a new trial was made and denied. Thereupon, on February 18, 1944, judgment was entered sentencing appellant to be imprisoned for one year on count 1 and dismissing the other counts. From that judgment this appeal is prosecuted.

[1] See § 35(C) of the Criminal Code, 18 U.S.C.A. § 82.

[2] See § 48 of the Criminal Code, 18 U.S.C.A. § 101.

■ Twenty-seven alleged errors were assigned[3] and are specified.[4] Assignments 1-25 are to rulings on evidence. Appellant did not except to these rulings. Hence assignments 1-25 need not be considered.[5] However, we have considered them[6] and find no merit in them.

■■ Assignment 26 is that "the court erred in finding [appellant] guilty of the first count of the indictment, that of theft, while finding him not guilty of possession on the remaining five counts." Thus it is, in effect, asserted that the finding on count 1 was inconsistent with the finding on the other counts of the indictment. This, if true, is immaterial, it being well settled that verdicts or findings on different counts of an indictment need not be consistent.[7] The sufficiency of the evidence to support the finding on count 1 of the indictment in this case is not challenged by assignment 26 or any other assignment. We nevertheless have examined the evidence and find that it amply supports that finding.

Assignment 27 is that the court erred in denying the motion for a new trial. Denial of the motion was not assignable as error.[8] and is not reviewable.[9]

Judgment affirmed.

DENMAN, Circuit Judge (concurring).

I concur in the result but disagree with the statement that because exceptions to the rulings of assignments 1 to 25 were not taken they "need not be considered." The many citations of footnote 5 stop short of this court's decision in Sherwin v. United States, 9 Cir., 112 F.2d 503. In that case we held that in the absence of an exception to the denial of motion for a verdict of acquittal we would not consider its merits on appeal. The Supreme Court reversed in 312 U.S. 654, 61 S.Ct. 618, 85 L.Ed. 1104 and ordered considered the motion to which there was no exception. Obviously we must consider the ruling to which no exception was taken.

Footnote 5's summary stops far short of the recent case of Giles v. United States, 9 Cir, 144 F.2d 860, 861, in which we stated, "* * * it has been established that we will examine the record with reference to

---

[3] See Rule 8 of the Rules of Criminal Procedure After Plea of Guilty, Verdict or Finding of Guilt, 18 U.S.C.A. following section 688, and Rule 2 of our rules governing criminal appeals.

[4] See Rule 20(2) (e) of our general rules.

[5] Itow v. United States, 9 Cir., 223 F. 25, 28; Clark v. United States, 9 Cir., 245 F. 112, 114; Brown v. United States, 9 Cir., 257 F. 703, 706; Kar-Ru Chemical Co. v. United States, 9 Cir., 264 F. 921, 929; Moore v. United States, 9 Cir., 1 F.2d 839, 841; McWalters v. United States, 9 Cir., 6 F.2d 224; Conner v. United States, 9 Cir., 7 F.2d 313, 314; Alvarado v. United States, 9 Cir., 9 F.2d 385, 386; Brown v. United States, 9 Cir., 9 F.2d 588, 589; Buhler v. United States, 9 Cir., 33 F.2d 382, 384.

[6] Cf. Itow v. United States, supra; Conner v. United States, supra; Conway v. United States, 9 Cir., 142 F.2d 202, 205; Tudor v. United States, 9 Cir., 142 F.2d 206, 207; Roedel v. United States, 9 Cir., 145 F.2d 819.

[7] Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356, 80 A. L.R. 161; Macklin v. United States, 9 Cir., 79 F.2d 756, 758; Maugeri v. United States, 9 Cir., 80 F.2d 199, 201; Long v. United States, 9 Cir., 90 F.2d 482, 484.

[8] Lueders v. United States, 9 Cir., 210 F. 419, 421; Andrews v. United States,

[9 Cir., 224 F. 418, 419; Linder v. United States, 9 Cir., 290 F. 173, 175; McDonough v. United States, 9 Cir., 299 F. 30, 35; Boyd v. United States, 9 Cir., 30 F. 2d 900, 901; Haugsted v. United States, 9 Cir., 68 F.2d 148, 149; Sutton v. United States, 9 Cir., 79 F.2d 863; Roubay v. United States, 9 Cir., 115 F.2d 49, 50; Utley v. United States, 9 Cir., 115 F.2d 117, 118; Allred v. United States, 9 Cir., 146 F.2d 193.

[9] See cases cited in footnote 8. See, also, McDonnell v. United States, 9 Cir., 133 F. 293, 295; Dwyer v. United States, 9 Cir., 170 F. 160, 165; Hedderly v. United States, 9 Cir., 193 F. 561, 571; Mitchell v. United States, 9 Cir., 196 F. 874, 878; Kaphan v. United States, 9 Cir., 264 F. 323, 325; Montague v. United States, 9 Cir., 294 F. 277, 279; Beaton v. United States, 9 Cir., 5 F.2d 966; Brownlow v. United States, 9 Cir., 8 F.2d 711, 712; Rasmussen v. United States, 9 Cir., 8 F.2d 948, 950; Alvarado v. United States, supra; Brown v. United States, supra; Casey v. United States, 9 Cir., 20 F.2d 752, 754; McConnell v. United States, 9 Cir., 26 F.2d 798; Powell v. United States, 9 Cir., 35 F.2d 941, 943; Oras v. United States, 9 Cir., 67 F.2d 463, 465; Goldstein v. United States, 9 Cir., 73 F.2d 804, 806; Lonergan v. United States, 9 Cir., 88 F.2d 591, 595; Coplin v. United States, 9 Cir., 88 F.2d 652, 665.

an assigned claim of error to which no objection has been made or exception taken in the district court 'far enough to see that there has been no miscarriage of justice.'"

In concurring, I am assuming we are not attempting to revive our reversed error in the Sherwin case or to overrule the Giles case.