**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jose Luis ZAMORA–CORONA,**
**Defendant-Appellant.**

**No. 72–1733.**

United States Court of Appeals, Ninth Circuit.

Aug. 24, 1972.

Philip A. DeMassa, San Diego, Cal., for defendant-appellant.

Harry D. Steward, U. S. Atty., Shelby R. Gott, Stephen G. Nelson, Asst. U. S. Attys., San Diego, Cal., for plaintiff-appellee.

Before KOELSCH, ELY and TRASK, Circuit Judges.

PER CURIAM:

Appellant, the driver of a motor vehicle, and a companion, his passenger were stopped after driving across the border into this country from Mexico. Concealed in the automobile were 74 1-kilogram packages of marijuana. Appellant consented in writing to prosecution as a juvenile delinquent, under 18 U.S.C. § 5032, and an information was thereupon filed in two counts. Count one alleged that appellant did knowingly import 174 pounds of marijuana, and count two that he possessed 174 pounds

of marijuana with intent to distribute. 21 U.S.C. §§ 952, 960 and 963.

The court found appellant to be a juvenile delinquent as charged in each count, but found his companion, the passenger, innocent. Appellant filed these proceedings on appeal. We affirm.

His contention here is that it was impermissible for the court as a trier of fact to find him guilty and his co-defendant innocent. He states the rule to be that while inconsistent jury verdicts may not be upset by inquiry into the consistency of the motives or rationale of the jury, Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); Magnolia Motor & Logging Co. v. United States, 264 F.2d 950, 953 (9th Cir.), cert. denied, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 61 (1959); such is not the case in a criminal trial before a judge. United States v. Maybury, 274 F.2d 899, 902–903 (2nd Cir. 1960); Contra, McElheny v. United States, 146 F.2d 932, 933 (9th Cir. 1944).

■ However, the judgments are not necessarily inconsistent. *See generally* United States v. Davis, 411 F.2d 927, 930 (7th Cir.), cert. denied, 396 U.S. 956, 90 S.Ct. 429, 24 L.Ed.2d 422 (1969); United States v. Wilson, 342 F.2d 43, 45 (2nd Cir. 1965). This court has held that when one drives a car laden with contraband, there is a substantial basis from which the trier of fact may infer that the driver has knowing possession of the contraband. United States v. Dixon, 460 F.2d 309 (9th Cir. 1972); United States v. Asconali-Gonzales, 449 F.2d 159 (9th Cir. 1971).

■■ It is equally well established that a passenger may not be convicted unless there is evidence connecting him with the contraband, other than his presence in the vehicle. United States v. Thomas, 453 F.2d 141, 143 (9th Cir. 1971), cert. denied, Lucas v. United States, 405 U.S. 1069, 31 L.Ed.2d 801 (1972); Bettis v. United States, 408 F.2d 563, 567 (9th Cir. 1969). In this case, appellant had complete control over the car with little evidence of the passenger's participation in its management and direction. The court apparently did not believe this was sufficient to convict the passenger. There was no necessary inconsistency between the verdicts.

Judgment affirmed.