**Daniel VILLARREAL CORRO, Defendant-Appellant,**

v.

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 73–1394.**

United States Court of Appeals, First Circuit.

Submitted Feb. 7, 1975.

Decided May 21, 1975.

Vicente Santori-Coll, San Juan, P. R.,
on brief for defendant-appellant.

Julio Morales Sanchez, U. S. Atty., and
Jorge Rios Torres, Asst. U. S. Atty., San

Juan, P. R., on brief for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Appellant, a Colombian citizen, was convicted in the District Court for Puerto Rico of the purchase of cocaine not in or from the original stamped package in violation of 26 U.S.C. § 4704, of receiving and concealing cocaine knowing it to have been brought into the United States contrary to law in violation of 21 U.S.C. § 174,[1] of the sale of cocaine not in pursuance of a written order on a form issued by the Secretary of the Treasury, in violation of 26 U.S.C. § 4705, and of knowingly and with intent to defraud the United States bringing cocaine into the United States contrary to law, also in violation of 21 U.S.C. § 174.

Government agents testified at appellant's trial that on May 2, 1970, they had accompanied an informant to an apartment building in San Juan to see "the Colombian, Villa". After two unsuccessful attempts to find "Villa", a meeting was arranged at which one-quarter of a kilogram of cocaine was to be sold to the agents for $11,000. The agents accompanied the informant to the designated place and appellant was arrested when he handed two packages containing cocaine to one of the agents.[2] Another prosecution witness, a customs inspector, testified that the vessel CARIBE had on April 30, 1970, arrived in Mayaguez, Puerto Rico, from Barranquilla, Colombia. The same ship, he testified, docked in San Juan May 1, 1970, and listed on its passenger-crew manifest one Daniel Villarreal Corro who had signed on as a "solderman" at Barranquilla, Colombia.

At the close of the prosecution's case appellant moved for the entry of a judgment of acquittal as to all but the count charging him with the sale of cocaine not in pursuance of a written order. Upon denial of his motion appellant rested his case, choosing not to put in any evidence. The court instructed the jury on each of the elements of the four counts upon which appellant had been indicted, telling them repeatedly that in order to convict appellant on a particular count they must find that the prosecution had proven all the elements of that count beyond a reasonable doubt, and adding that "since cocaine is lawfully produced in this country bare possession . . . is not enough" to prove illegal importation, knowledge of illegal importation, or purchase not from the original stamped package. The jury returned verdicts of guilty on all four counts.[3]

Appellant contends that the evidence as to all but the count charging sale not pursuant to a written order was insufficient to go to the jury. The crux of the issue is the extent of the inferences which the jury should have been permitted to draw from the undisputed evidence introduced by the prosecution. No direct evidence was produced as to how, or from whom appellant obtained the cocaine, where it came from originally, or what appellant knew about it. The jury inferred from the facts recited, *supra*, that appellant did not purchase the cocaine in or from the original stamped package and that he brought it into the

---

1. Section 174 was repealed by Pub.L. 91–513, Title III, § 1101(a)(4), Oct. 27, 1970, 84 Stat. 1291, which provided that prosecutions for acts committed prior to the effective date of the Act would not be affected. *Id.* § 1103.

2. Two men who accompanied appellant were arrested at the same time, tried separately, and acquitted.

3. Appellant was convicted December 4, 1970. His attorney filed a timely appeal which was subsequently dismissed by this court for failure to prosecute after several letters of inquiry to counsel elicited no response. On November 8, 1972, appellant filed a motion to vacate sentence, arguing that counsel's failure to diligently pursue his appeal had denied him the effective assistance of counsel. The district court appointed new counsel and subsequently vacated and reentered appellant's sentence to permit the filing of a new appeal. Appellant has now served more than four years of an eight year sentence.

United States himself. Upon review of a district court's denial of a motion for a judgment of acquittal we must determine whether a rational juror drawing reasonable inferences, Dirring v. United States, 328 F.2d 312, 315 (1st Cir.), cert. denied, 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 (1964); Parker v. United States, 378 F.2d 641 (1st Cir.), cert. denied, Perma-Home Corp. v. United States, 389 U.S. 842, 88 S.Ct. 81, 19 L.Ed.2d 107 (1967), from the evidence viewed in the light most favorable to the government, Parker v. United States, *supra*; United States v. Doran, 483 F.2d 369 (1st Cir. 1973), cert. denied, 416 U.S. 906, 94 S.Ct. 1612, 40 L.Ed.2d 111 (1974), could have found guilt beyond a reasonable doubt.

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), the Supreme Court invalidated statutory language providing that proof of possession of marihuana " . . . shall be deemed sufficient evidence to authorize conviction [for unlawfully importing or knowingly receiving unlawfully imported marihuana] unless the defendant explains his possession to the satisfaction of the jury." The Court held that " . . a criminal statutory presumption must be regarded as 'irrational' or 'arbitrary,' and hence unconstitutional, unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact

on which it is made to depend." 395 U.S. at 36, 89 S.Ct. at 1548. Examining the available data on the sources of marihuana consumed in the United States and the knowledge of users as to the sources, the Court concluded that it could not be said to be more likely than not that one in possession of marihuana knew it to be illegally imported.

█ The Court applied the same analysis in Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), holding invalid as to cocaine the presumptions embodied in 21 U.S.C. § 174 (proof of possession sufficient to authorize conviction for illegal importation or knowingly receiving illegally imported drugs), and 26 U.S.C. § 4704(a) (absence of taxpaid stamps from narcotic drugs "prima facie" evidence of purchase and sale of drugs not in or from the original stamped package). Noting that more cocaine is lawfully manufactured in the United States than is smuggled in, and that a substantial amount is diverted from legal channels every year, 396 U.S. at 418–19, 90 S.Ct. at 654, the Court held that under the "more-likely-than-not standard employed in *Leary*" the statutory presumptions in §§ 174 and 4704(a) were unacceptable as applied to cocaine. 396 U.S. at 419, 423, 90 S.Ct. 642.[4] Thus, the Court concluded that proof of possession of cocaine does not alone make it "more likely than not" that the possessor has purchased the drug not in or from

---

**4.** In rejecting the aspect of § 4704(a) which made possession of cocaine prima facie evidence of distribution the Court observed that, " . . . having a small quantity of a cocaine and sugar mixture is itself consistent with Turner's possessing the cocaine not for sale but exclusively for his personal use." 396 U.S. at 423, 90 S.Ct. at 656. And in discussing § 174 the Court left for another day the question whether the, " . . . presumption may be valid with respect to sellers found with much larger amounts of cocaine than Turner had, amounts which, it is claimed, are too large to have been removed from legal channels . . . ." 396 U.S. at 419 n. 39, 90 S.Ct. at 654.

The § 174 presumption has been repealed, *supra*, n. 1, but several courts in dealing with cases tried before *Turner* was decided, in which the presumption in § 174 was charged

to the jury, have adopted a "quantity" rule. United States v. Gonzales, 442 F.2d 698 (2d Cir. 1970), aff'd en banc, 442 F.2d 698 (2d Cir. 1971), cert. denied sub nom., Ovalle v. United States, 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971) (possession of 1,028 grams of cocaine); United States v. Contreras, 446 F.2d 940 (2d Cir. 1971) (possession of 690 grams of cocaine, 17.7% pure); United States v. Armenteros, 452 F.2d 1177 (5th Cir. 1971) (possession of 5,329 grams of cocaine, 92% pure).

While we do not express any view on these cases, we do observe that if either prosecution or defense wishes to urge that a jury draw inferences from the quantity of cocaine possessed by a defendant, it would seem desirable to put in evidence the amounts diverted from legal channels so that the jury may draw its own conclusions from the relation between that amount and the quantity possessed.

the original stamped package, or knows it to have been illegally imported. An implicit corollary is that evidence of possession alone is insufficient to support a conviction for purchase not in or from the original stamped package, illegal importation, or receiving or concealing with knowledge of illegal importation. Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973); United States v. Puco, 436 F.2d 761, 763 (2d Cir. 1971).

 The present case was tried after the decision in *Turner*, and, as noted, *supra*, the judge properly omitted any mention of the statutory presumptions and cautioned the jury that they could not convict on the purchase, importation and receiving and concealing counts solely on the basis of possession. The government proved more than possession, however. It proved possession and sale of cocaine valued at $11,000 on the part of an alien within 48 hours of his arrival in Puerto Rico as a crew member on a ship from Colombia. The fact that so valuable a quantity of drugs was in the possession of one either in or pretending to be in economic circumstances requiring that he work as a crewman on a ship, combined with the fact that the cocaine was in his possession so soon after his arrival in Puerto Rico, rendered reasonable the inference that the possessor smuggled the cocaine into the United States himself. The evidence was sufficient but barely so.

 Since the jury found appellant guilty on the illegal importation count, the only reasonable and consistent basis on which they could also have found him guilty of purchase not in or from the original stamped package was to conclude that the purchase was made outside the United States. We do not see how the purchase of a drug outside the United States by a foreign national can be deemed a violation of 26 U.S.C. § 4704, a revenue provision. Appellant

failed to raise this point, but we consider it plain error and thus reverse as to the purchase count (count 1).[5]

 Appellant's contention that the illegal importation count was brought under 21 U.S.C. § 176 which deals with marihuana, is erroneous. The government corrected the indictment by motion before trial. In light of our disposition of appellant's claim on the sufficiency of the evidence we need not reach his contention that the court's failure to dismiss three of the four counts against him at the close of the government's case deprived him of his right to take the stand in his own defense as to the remaining count.

Reversed as to count 1 of the indictment, affirmed as to the remaining counts.

---

5. Appellant was sentenced to concurrent 8 year terms on each count. We do not think that our reversal as to one count, the elimination of which would not have made inadmissible any of the evidence offered against appellant, requires resentencing.