**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**DUZ-MOR DIAGNOSTIC LABORATORY, INC., Defendant-Appellant.**

**No. 80–1612.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1981.

Decided July 14, 1981.

Rehearing Denied Oct. 16, 1981.

224

John D. Vandevelde, Talcott, Vandevelde & Woehrle, Los Angeles, Cal., for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief; Robert A. Pallemon, Asst. U. S. Atty., Los Angeles, Cal., argued, for plaintiff-appellee.

Before GOODWIN and SCHROEDER, Circuit Judges, and EAST,* District Judge.

GOODWIN, Circuit Judge.

Duz-Mor Diagnostic Laboratory, Inc. was convicted in a nonjury trial of Medicare and Medi-Cal fraud in violation of 42 U.S.C. §§ 1395nn(b)(2)(A) and 1396h(b)(2)(A). On appeal Duz-Mor contends that its conviction must be reversed because the conviction was inconsistent with the trial court's dismissal of the indictment of Irigene Morehead, the corporate officer and only human agent representing the corporation in the challenged transaction. Duz-Mor also questions whether the government proved that an offer of an illegal kickback was made, and that the services which Duz-Mor sought to provide were in fact reimbursable from federal funds.

Duz-Mor is a clinical laboratory certified as a Medicare and Medi-Cal [1] provider. Irigene Morehead, the individual defendant below, was the president and chief technologist of Duz-Mor. She and her husband were the sole shareholders of Duz-Mor.

Posing as the representative of a group of investors planning to purchase a number of nursing homes in the Southern California area, a Federal Bureau of Investigation agent tape-recorded a conversation between the agent and Morehead. They discussed an arrangement under which Duz-Mor would provide clinical laboratory services to the proposed nursing homes under an agreement which, the government asserted, was an illegal kickback agreement.

Duz-Mor and Morehead were indicted and charged with offering to pay a remuneration as an inducement for the referral of medical services that were reimbursable from Medicare and Medi-Cal funds, in violation of 42 U.S.C. §§ 1395nn(b)(2)(A) and 1396h(b)(2)(A).

After hearing the tapes, the trial judge granted a motion to dismiss the indictment of the individual defendant but denied a motion to dismiss the indictment of the corporate defendant. In due course, the court entered a judgment of conviction against the corporate defendant.

This appeal raises three principal questions, only one of which requires extended discussion: Under what circumstances may a trial court acquit one defendant and convict the other when the only evidence of culpability applies equally to both?

The Second Circuit recently held in effect that in a bench trial of multiple defendants facially inconsistent verdicts will constitute a *prima facie* denial of due process and require reversal unless the trial court explains the difference in treatment of the two defendants by appropriate findings which demonstrate that the challenged conviction rests upon a rational basis. *Rivera v. Harris*, 643 F.2d 86 (2nd Cir. 1981).

Because in this case the trial court did not "acquit" the individual defendant, there are not, strictly speaking, inconsistent verdicts on record. A verdict of guilty was returned by the judge against the corporation, and an order dismissing the indictment was entered in favor of the individual defendant. But assuming, for the purposes of this appeal, that the trial court's disposition of the case produced the functional equivalent of facially inconsistent verdicts, the question presented does not appear to have been decided in this circuit.

The other circuits do not agree on the effect of inconsistent "verdicts" in bench trials. *Compare, e. g., United States v. Maybury*, 274 F.2d 899, 903 (2nd Cir. 1960) (reversing inconsistent verdicts on multiple counts of an indictment) with *United States v. West*, 549 F.2d 545, 553 (8th Cir.), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1601, 51 L.Ed.2d 806 (1977) (sustaining in-

* The Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. California participates in the federal Medicaid medical assistance system, 42 U.S.C. § 1392, *et seq.*, through its Medi-Cal program. *See* Cal. Welf. & Inst.Code § 14001.1 (West. 1980). Under Medicaid and Medi-Cal, the federal Department of Health and Human Services funds approximately 50 per cent of California's eligible Medicaid costs.

consistent verdicts on multiple counts of an indictment).[2] Because it appears to be an open question in this circuit whether, and under what circumstances, an inconsistent bench trial verdict may be the basis for reversing a conviction, we are free to adopt the rule that commends itself to us as the most reasonable.[3]

The rationales for permitting inconsistent verdicts in jury cases apparently are (1) that a jury verdict represents a collective deliberative process in which individual jurors may disagree about details in assessing the evidence; and (2) that courts are hesitant to inquire into jurors' individual deci-sion-making. *See Rivera v. Harris*, 643 F.2d 86 (2nd Cir. 1981).

The reasons for deferring to human frailty in dealing with juries do not apply to bench trials. First, the nature of the judge's decision involves no collective deliberation and therefore no element of compromise in assessment of the evidence. Second, there is no need to defer to the privacy of jury deliberations or to the possibility that an acquittal is merely an exercise of the jury's power of deciding "in the teeth of both law and facts." *Horning v. District of Columbia*, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185 (1920) (Holmes, J.).

**2.** The Ninth Circuit has affirmed inconsistent verdicts on two counts reached by a judge, without explicitly considering whether the point that the verdicts were rendered by a judge instead of by a jury might make a difference. *See McElheny v. United States*, 146 F.2d 932 (9th Cir. 1944). *McElheny* may be distinguished from the present case on the following grounds: (1) that it involved inconsistency between multiple counts of an indictment rather than inconsistency between verdicts as to multiple defendants, where there is a constitutional concern that like defendants be treated equally; (2) that it failed to consider factors found relevant in *Maybury* and *Rivera* regarding the difference between verdicts rendered by a judge and those reached by a jury; and (3) that whether or not consistency in the abstract is constitutionally required, this court has the power to require findings explaining seemingly inconsistent verdicts as part of its supervisory power over the criminal justice system within its circuit jurisdiction. *See Rivera v. Harris*, 643 F.2d 86 (2nd Cir. 1981).

Only one other case has been found in which this court considered a challenge based on inconsistent verdicts by a trial court. *See United States v. Zamora-Corona*, 465 F.2d 427 (9th Cir. 1972). Unlike *McElheny*, *Zamora-Corona* involved an inconsistency between verdicts as to two co-defendants, one of whom was acquitted, where the verdicts allegedly were based on the same evidence. Noting the conflict between *McElheny* and *Maybury*, the court did not reach the question whether inconsistency would require reversal of the conviction. Instead, we concluded that the verdicts were not necessarily inconsistent, because the facts would raise the inference that the convicted defendant had the necessary intent but that his co-defendant did not. *Zamora-Corona*, 465 F.2d at 428. *See also United States v. Capanegro*, 576 F.2d 973, 976 (2nd Cir.), *cert. denied*, 439 U.S. 928, 99 S.Ct. 312, 58 L.Ed.2d 320 (1978) (no inconsistency between acquittals by judge on same counts and conviction on others charging separate violations); *United States v. Wilson*, 342 F.2d 43, 45 (2nd Cir. 1965) (no inconsistency between acquittal by judge on conspiracy count and conviction on substantive count).

**3.** Various types of inconsistencies in verdicts may affect the validity of a conviction. As a general rule, inconsistencies in jury verdicts rendered in the same proceeding do not require reversal. *Hamling v. United States*, 418 U.S. 87, 100–01, 94 S.Ct. 2887, 2899, 41 L.Ed.2d 590 (1974); *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); *United States v. Brandon*, 633 F.2d 773, 779 (9th Cir. 1980). There are limited exceptions to that rule, notably (a) the inconsistent conviction of a conspirator whose alleged co-conspirators have been acquitted. *See Hartzel v. United States*, 322 U.S. 680, 682 n.3, 64 S.Ct. 1233, 1234 n.3, 88 L.Ed. 1534 (1944); *United States v. Dunn*, 564 F.2d 348, 360 n.24 (9th Cir. 1977) (dictum); *Lubin v. United States*, 313 F.2d 419, 422–23 (9th Cir. 1963). *But cf. Standefer v. United States*, 447 U.S. 10, 20, 100 S.Ct. 1999, 2006, 64 L.Ed.2d 689 (1980) (aider and abettor may be convicted despite acquittal of principal) (dictum); *United States v. Espinosa-Cerpa*, 630 F.2d 328, 330–33 (5th Cir. 1980) (criticizing rule requiring consistency for conviction of conspiracy); and (b) inconsistent multiple convictions, where the defendant could be guilty of either, but not both, charged offenses. *See, Villarreal Corro v. United States*, 516 F.2d 137, 141 (1st Cir. 1975); *United States v. Bethea*, 483 F.2d 1024, 1029–31 (4th Cir. 1973).

We need not consider the applicability of those cases to the case at hand because we do not hold that inconsistency between the verdicts invalidates Duz-Mor's conviction. Rather, we are concerned with Duz-Mor's due process right to have its conviction rest on a rational basis, whether or not the conviction is consistent with the dismissal of the indictment against Morehead.

The court in *Rivera* enunciated a more fundamental concern—that a facially inconsistent verdict of guilty, based on the same evidence on which another is acquitted, may be a violation of due process because the decision does not rest on any rational basis. *Rivera, supra.* *Rivera* suggested that the situation might not render the conviction of the jointly-tried co-defendant unconstitutional. Nevertheless, the court went on to hold that a due process violation becomes a serious problem when a trial judge fails to explain facially inconsistent bench trial verdicts.

If we treat the dismissal of the Morehead indictment as an acquittal,[4] Duz-Mor's conviction needs explanation under the reasoning of *Rivera*.

 We find that the dismissal was, for the purposes of this case, the same as an acquittal. Moreover, we adopt the *Rivera* approach. Accordingly, we remand the case to the trial court for an explanation whether the court intended to acquit Morehead, and if so, for a statement of principled reasons for treating like defendants in an unlike fashion. The conviction should be set aside in the district court as a deprivation without due process of law of Duz-Mor's fundamental interest in liberty, unless the district court can articulate a rational basis for convicting Duz-Mor while acquitting Morehead.

██ ██ Duz-Mor also contends that, as a matter of law, the acts on which its conviction were based were mere preliminary negotiations, and not an "offer" of a bribe or kickback proscribed by 42 U.S.C. §§ 1395nn(b)(2)(A) and 1396h(b)(2)(A). The underlying contention—that the contract law definition of offer should control—is not supported by persuasive authority. The proposition also flies in the face of Congressional intent. *See, e. g.,* 3 U.S.Code Cong. and Adm.News 3039 (1977). Analogous federal bribery cases define an "offer" as a representation expressing an ability and desire to pay a remuneration coupled with the intent to induce a desired action, in this case the referral of Medi-Cal business. *See: United States v. Johnson,* 621 F.2d 1073, 1076 (10th Cir. 1980); *United States v. Jacobs,* 431 F.2d 754, 759 (2nd Cir. 1970), *cert. denied,* 402 U.S. 950, 91 S.Ct. 1613, 29 L.Ed.2d 120 (1971). Duz-Mor's proposal, suggesting a 15 per cent rebate in exchange for the referral of Medicare and Medi-Cal business, clearly meets this standard.[5]

Duz-Mor's conviction is vacated and the cause is remanded to the trial court for the entry of a statement of relevant reasons for treating the two defendants differently. If no reasons are recorded within 21 days, the court is instructed to dismiss the indictment against Duz-Mor.[6]

REMANDED.

4. Even if Morehead's dismissal were not deemed an acquittal, the seeming inconsistency between Morehead's dismissal and Duz-Mor's conviction on the same evidence dictates that we remand this case for further explanation, thereby protecting Duz-Mor's right to meaningful appellate review of its conviction and allowing this court to determine whether a rational basis exists for the conviction. The only alternative is to make this case turn upon the formal point that inconsistent substance can be overlooked when erroneous form was employed. That prospect has little to commend it except the expedience of terminating a case.

5. Duz-Mor contends that the government failed to prove a "jurisdictional prerequisite" to 42 U.S.C. §§ 1395nn(b)(2)(A) and 1396h(b)(2)(A) violations because the rebate offer was made to an F.B.I. informant who could not in fact refer to Duz-Mor Medicare and Medi-Cal services reimbursable from federal funds. This argu-

ment is nonsense. The Supreme Court has rejected a similar "impossibility" argument in a prosecution under 18 U.S.C. § 1503 for "endeavoring" to bribe a member of a jury panel, where the underlying contention was that the briber never approached the juror nor intended to, though he did approach a third party and requested that he relay the offer to the juror. *See Osborn v. United States,* 385 U.S. 323, 332–33, 87 S.Ct. 429, 434–35, 17 L.Ed.2d 394 (1966). The third party in *Osborn* was a government informant who had no intention of making the offer and had "set up" the offeror knowing that the intended recipient-juror did not exist. We find the *Osborn* reasoning persuasive and applicable to the present case.

6. The attention of the parties and of the district court is called to the variance problem when a defendant is indicted for violating 42 U.S.C. § 1396h(b)(2)(A) (referring persons to a provider) and then producing evidence only of a viola-

tion of 42 U.S.C. § 1396h(b)(2)(B) (referring laboratory specimens to a provider). *See United States v. Stewart Clinical Laboratory, Inc.,* 652 F.2d 804 (9th Cir. 1981); *United States v. Fekri,* 650 F.2d 1044 (9th Cir. 1981).