**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Janetha BROOKSBY,**
**Defendant-Appellant.**

**No. 81–1179.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 1981.

Decided Feb. 22, 1982.

Richard A. Wright, Heaton & Wright, Las Vegas, Nev., for defendant-appellant.

Ruth L. Cohen, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before CHOY, SCHROEDER, Circuit Judges, and HATTER *, District Judge.

HATTER, District Judge:

Janetha Brooksby was charged in a two count indictment with falsely subscribing her income tax returns, a violation of 26 U.S.C. § 7206(1). After a jury trial, she was convicted. She filed a motion to set aside the jury verdict and enter a judgment of acquittal and a motion for a new trial. The court denied both motions. She appeals due to the failure of the trial court to give a jury instruction listing all of the elements of the offense which had to be proven in order to find her guilty. Because the jury was not properly instructed, the conviction is reversed, the verdict set aside and the case remanded for a new trial with a properly instructed jury.

## FACTS

Janetha Brooksby worked as a receptionist and kept the books in her husband's veterinary clinic during calendar years 1973 and 1974. One of her duties was to receive the payment from the animal's owner and issue a receipt for the payment. Later, she was to enter the receipts in a daily receipts journal. This daily receipts journal was used by their accountant to prepare the Brooksby's income tax returns for 1973 and 1974.

---

* The Honorable Terry J. Hatter, Jr., United States District Judge for the Central District of California, sitting by designation.

By destroying some of the receipts and not entering those in the daily receipts journal, Ms. Brooksby was able to siphon funds for her own use. However, not all of the funds represented by the destroyed receipts were kept by Ms. Brooksby. As a result, the Brooksbys deposited more money into their business bank account than was reported in the daily receipts journal. This was detected during a routine audit by the Internal Revenue Service.

At trial, Ms. Brooksby admitted that the 1973 and 1974 income tax returns were incorrect and that she had signed the returns. She testified that she embezzled about $50 a week to give to her children of a previous marriage. She stated that, although she was destroying far more receipts than necessary for the amount of money she was taking, she did not realize that the daily receipts journal was used in preparing the tax returns. She argued that she did not know the returns materially understated the gross receipts, and, therefore, she did not willfully subscribe false returns.

The Government proposed the following instruction listing three of the four elements which must be proven in order to convict for a violation of 26 U.S.C. 7206(1):

In order to convict the defendant of the crimes charged in Counts I and II of the Indictment, the Government must prove the following elements of the offense beyond a reasonable doubt:

First: That the defendant did make and subscribe United States Joint Income Tax Return(s) which were incorrect as to a material matter as charged in the Indictment;

Second: That the United States Joint Income Tax Return(s) subscribed to by the defendant contained a written declaration that they were made under the penalty of perjury; and

Third: That the Defendant did not believe the Return(s) to be true and correct as to every material matter.

The defendant, after objecting to the inadequate elements of the offense instruction proposed by the Government, proposed that the fourth element be added:

Fourth: That the Defendant falsely subscribed to the return(s) wilfully with the specific intent to violate the law.

The court refused the defendant's essential elements instruction and stated that the instruction offered by the Government was correct. The three-element Government version was the one given to the jury.

## ANALYSIS

The pertinent part of 26 U.S.C. § 7206 states:

Any person who . . .

Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . .

. . . .

shall be guilty of a felony . . . .

There can be no doubt that the term "willful" in § 7206(1) requires proof of a specific intent to do something which the law forbids; more than a showing of careless disregard for the truth is required. The Supreme Court has defined the term to mean "voluntary, intentional violation of a known legal duty." *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976); *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). Therefore, and the Government does not disagree, the trial court erred in accepting and using the instruction that did not include the first element of the offense, "willfully."

The Government argues that the reading of the indictment and the statute and two instructions on willfulness corrected the error. The jury instructions on "willfully" stated:

An act or a failure to act is "willfully" done if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

For the Government to meet its burden of proving that the defendant acted willfully and with the specific intent to disobey or to disregard the law the Government must prove willfulness by evidence independent of the understatement of income. That is to say, willfulness cannot be inferred merely from the understatement of income on the Forms 1040 for 1973 and 1974.

It is well established that "a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973), citing *Boyd v. United States*, 271 U.S. 104, 107, 46 S.Ct. 442, 443, 70 L.Ed. 857 (1926).

Defendant, however, relies upon *United States v. Pope*, 561 F.2d 663 (6th Cir. 1977) for the proposition that omission of an essential element cannot be cured. Pope was convicted of possessing a controlled substance with the intent to distribute, and he appealed. The Sixth Circuit held that failure to instruct that "intent to distribute" was an essential element of the crime constituted reversible error that was not cured by language in the instructions which stated that possession of a controlled substance must be with knowledge or consent. The trial court did define "intent" in general terms, but did not define "distribution" or "intent to distribute."

The court's reference to the three essential elements . . . in the instructions compounds the error of omitting to instruct on the "intent to distribute" element and detracts from the correct statement [of the statute] immediately preceding it. As we stated in *Smith v. United States*, 230 F.2d 935, 939 (6th Cir. 1956), "[t]he fact that one instruction is correct does not cure the error in giving another which is inconsistent with it." . . .

Since "intent to distribute" is an essential

element ... the Government retains the burden of proving that element beyond a reasonable doubt and on the basis of proper instructions. [Citations omitted.] The failure to instruct on an essential element of an offense is "fundamental error," *United States v. King*, 521 F.2d 61, 63 (10th Cir. 1975), which cannot be cured by reference to the indictment or by reading the unexplained language of the statute to the jury.

561 F.2d at 671.

In the instant case, the court correctly stated the law by reading the indictment and the statute and defining the term "willfully", but incorrectly listed only three of the elements that would be necessary to be proven beyond a reasonable doubt in order to convict the defendant.

While it is true that jury instructions are to be considered as a whole, "they must also be considered in context and as part of the whole trial." *United States v. Elksnis*, 528 F.2d 236, 238 (9th Cir. 1975).

In the instant case, the question of "willfulness" was the only element of the offense that Ms. Brooksby challenged. She asserted that she did not intend to do something the law forbids. She readily admitted the other elements.

Therefore, notwithstanding that the indictment, the statute and an instruction on "willfully" were read to the jury, the failure to instruct them that "willfulness" was an essential element of the crime prejudiced the defendant. The steps already mentioned that were taken by the district court did not cure the error. The conviction is reversed, the verdict is set aside and the case remanded for a new trial.