**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dean W. LONEY, Defendant-Appellant.**

**No. 82–1676.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 1983.

Decided Nov. 8, 1983.

Carroll D. Gray, Asst. U.S. Atty., Spokane, Wash., for plaintiff-appellee.

Robert H. Whaley, Winston & Cashatt, Spokane, Wash., for defendant-appellant.

Before WRIGHT, PREGERSON, and FERGUSON, Circuit Judges.

PREGERSON, Circuit Judge:

A fourteen-count indictment charged Loney with violating 26 U.S.C. § 7206(1)–(2) (1976). He was acquitted on thirteen counts and appeals his conviction on one count, Count V, for subscribing his own false income tax return in violation of § 7206. He contends, among other things, that the evidence was insufficient to prove

guilt beyond a reasonable doubt, and that the district court abused its discretion in denying his post-trial motions, including a motion for judgment of acquittal.

■ The crucial issue is whether Loney willfully violated the law against subscribing false returns by signing his individual return culpably, knowing it falsely claimed a deduction for losses that his partnership, Montana Pacific Oil & Gas (MPOG Nos. 1–4), sustained in calendar year 1975. There can be no doubt that the term "willful" in 26 U.S.C. § 7206(1) requires proof of specific intent to do something that the law forbids; more than a showing of careless disregard for the truth is required. *United States v. Brooksby,* 668 F.2d 1102, 1104 (9th Cir.1982).

This case was tried to the court. The court found that Loney's tax return was wrong. He was the central figure and had set up all of the MPOG partnerships implicated in the fourteen-count indictment. His knowledge of the operation was superior to that of the other participants.

The trial court concluded that when Loney signed the erroneous MPOG–3 partnership return on April 2, 1976, he was grossly negligent but not guilty of willfully violating the statute. The court, however, concluded that when Loney signed his individual return on July 8, 1976 (Count V), he knew that the MPOG–3 partnership could have no intangible drilling expenses to deduct as losses. As a result, the court convicted him for knowingly and willfully claiming a false $20,000 MPOG–3 derivative deduction on his individual return.

■ To sustain a conviction under 26 U.S.C. § 7206(1), the evidence must show beyond a reasonable doubt that Loney acted willfully and with the knowledge that his return was not correct in material respects. Knowledge or intent may be proved by

circumstantial evidence. *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979).

■ Here, the rub is that the trial court found that Loney was grossly negligent, but not guilty of willfully violating the statute, when he signed the erroneous MPOG–3 partnership return on April 2, 1976. From that time until July 8, 1976, when he signed his individual return, no additional evidence—except for the passage of time—was introduced on the question of Loney's willfulness.[1] In short, there is no evidence in the record to show that Loney's intent on July 8 was any different from what it was on April 2 when he signed the partnership return for which conduct he was acquitted. Thus, the record presents a hiatus on the issue of specific intent that is fatal to the government's case on Count V.

We conclude, therefore, that the evidence in the record is insufficient to sustain Loney's conviction on Count V.

The conviction is REVERSED.

EUGENE A. WRIGHT, Senior Circuit Judge, dissenting:

Our duty on appeal is to determine whether the facts, considered most favorably to the government, could rationally lead the fact finder to conclude that the defendant was guilty. The majority point to a lack of evidence that defendant Loney had any change in mental state in the three months between signing the partnership return and signing his personal return.

The question is, however, not whether his mental state regarding two identical situations changed over time, but whether his mental state in the first situation differed from that in the second. The circumstances in the two situations were not identical. The trial court rationally found that the differences were significant enough to sup-

---

1. The dissent contends, *infra* at p. 1437, that during this period Loney knew he was filing a false claim because he was "a sophisticated lawyer, knowledgeable in business as well as professional matters." The dissent reasons that such a person has too much at stake to lie on his own return.

We question this line of reasoning for two reasons. First, a professional like Loney also knows that he has serious agency and fiduciary responsibilities when he acts on behalf of others. If anything, he has an interest in being more careful with other people's returns than with his own. Second, and in any event, this reasoning is mere speculation.

port his finding gross negligence in the first situation and willfulness in the second.

In the colloquy at sentencing, the trial judge indicated at several points his basis for differentiating between the signing in April of the faulty partnership return and the July signing of the fraudulent personal return.

As to the earlier partnership return, the court noted that the last minute tax season rush and possible accountant error were sufficient to raise a doubt as to Loney's willfulness. The judge carefully reviewed the evidence pertaining to the partnership return. While he noted some evidence of gross negligence, he found that evidence insufficient to establish the knowledge and willfulness required for a conviction. He stated: "[If] the accountant has made a mistake . . . and he puts down the wrong amount, and you sign it, that may be gross negligence on your part for not reading the return, but I don't think that's tax fraud." Sentencing Hearing at 29. It is also apparent that the sympathies of the judge worked in Loney's favor here, as he considered Loney's age, occupation, and professional standing. Having considered those factors, the judge was willing to give Loney "the benefit of the doubt." *Id.* at 24, 28.

In looking at the later personal return, however, the judge reasonably concluded that similar factors warranted a finding of willfulness. First, "all of the necessary information for the filing of a correct personal return was available to him . . . in July of 1976," so there could be no excuse of time pressure. In addition, this was Loney's own tax return, where "he's going to be the most careful and [he has] the most obligation." Transcript at imposition of sentence at 28. Moreover, the court noted that Loney was a sophisticated lawyer, knowledgeable in business as well as professional matters, and that Loney was the "motivating force" behind the entire tax

scheme. "[T]hat's just a whole different ballgame than someone who just signs a return without looking at it." *Id.* at 30–31. For someone like Loney, the court found that signing an erroneous personal return without reading it was tantamount to reading it and knowing it was wrong. *Id.* at 27.

In differentiating between gross negligence and willfulness, the district court used the correct legal standard for violations of 25 U.S.C. § 7206(1). The term "willful" in the statute requires more than a showing of careless disregard for the truth. *United States v. Brooksby,* 668 F.2d 1102, 1104 (9th Cir.1982). "Willfulness" means "a voluntary intentional violation of a known legal duty." *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976).

Intent may be inferred from statements and conduct. *United States v. Cusino,* 694 F.2d 185, 187 (9th Cir.1982); *United States v. Beecroft,* 608 F.2d 753, 757 (9th Cir.1979). In particular, Loney's signature on his return sufficed to establish knowledge once the return was shown to be erroneous. *United States v. Drape,* 668 F.2d 22, 25–26 (1st Cir.1982). While the circumstances of the April partnership return raised a reasonable doubt as to Loney's intent, the different circumstances of the July personal return left no doubt in the trial judge's mind as to willfulness.

In short, the trial judge distinguished between the two returns. There is no inconsistency in acquitting Loney for the faulty partnership return and convicting him for the fraudulent personal return.

The effect of inconsistent judgments against a single defendant in trials to the court is an open question in this circuit. *See United States v. Duz-Mor Diagnostic Laboratory, Inc.,* 650 F.2d 223, 225–26 (9th Cir.1981).[1] But because the trial judge articulated factual support for the two judg-

---

[1]. The *Duz-Mor* court suggested that the rationale for allowing inconsistent jury trial verdicts does not extend to bench trials. 650 F.2d at 226 & n. 2. It questioned *McElheny v. United States,* 146 F.2d 932 (9th Cir.1944), which "affirmed inconsistent verdicts on two counts reached by a judge, without explicitly consider-

ing whether the point that the verdicts were rendered by a judge instead of a jury might make a difference." *Duz-Mor,* 650 F.2d at 226 n. 2. *Duz-Mor* concerned inconsistent bench-trial verdicts as between two defendants, so its discussion of inconsistencies among counts against a single defendant was dictum.

ments, we need not decide whether blatantly inconsistent verdicts in bench trials require reversal.[2]

I would affirm the conviction.

---

**2.** In many cases, close scrutiny of the facts may resolve any apparent inconsistencies, whether the trial be by judge or by jury. E.g., *United States v. McLister,* 608 F.2d 785, 787–88 (9th Cir.1979) (not inconsistent for jury to acquit on conspiracy count but convict on underlying substantive count); *United States v. Livengood,* 427 F.2d 420, 423–24 (9th Cir.1970) (same); *United States v. Miller,* 546 F.2d 320, 325 (9th Cir.1976) (not inconsistent for jury to acquit on substantive charges but convict on conspiracy charge); *United States v. Zamora-Corona,* 465 F.2d 427 (9th Cir.1972) (not inconsistent for judge to convict defendant but acquit co-defendant where facts supported inference that defendant had necessary intent but his co-defendant did not); *United States v. Wilson,* 342 F.2d 43, 45 (2d Cir.1965) (not inconsistent for judge to acquit on conspiracy count and convict on substantive count).