**UNITED STATES of America, Appellee,**

v.

**William E. RICHARDS, Appellant.**

**No. 83–1954.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 20, 1983.

Decided Dec. 30, 1983.

Rehearing and Rehearing En Banc Denied Jan. 30, 1984.

William E. Richards, pro se.

Robert G. Ulrich, U.S. Atty., Thomas M. Larson, First Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before HENLEY, Senior Circuit Judge, and JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Following trial by jury William E. Richards was convicted on three counts of willfully failing to file income tax returns for calendar years 1979, 1980 and 1981 in violation of 26 U.S.C. § 7203. The court[1] sentenced Richards to consecutive one-year terms of imprisonment on the first two counts. On count three execution of a one-year sentence was suspended and defendant was placed on probation for a period of four years. On each count a fine of $2,000.00 was assessed.

As will appear, on appeal Richards makes a number of arguments, all of which we reject.

During calendar years 1979, 1980 and 1981 appellant was employed by Missouri Pacific Railroad and received a gross income of $20,328.78, $20,995.38 and $20,690.57, respectively. The IRS notified appellant on November 6, 1979 that a meeting was scheduled on November 9, 1979 with a Revenue Officer to prepare a correct W–4 form (employee wage withholding form). Appellant responded by letter on November 7, 1979 that his W–4 was correctly filed with his employer. On September 12, 1980 the IRS notified appellant that it had not received his income tax return for the 1978 calendar year. On September 22, 1980 appellant replied to the Service by letter explaining that he was not required to file

---

1. The Honorable D. Brook Bartlett, United States District Judge, Western District of Missouri.

even though he had filed in previous years. No further governmental action was taken until March 28, 1983 when a three-count indictment was returned charging appellant with willful failure to file income tax returns for the years 1979, 1980 and 1981.

■ Appellant contends that his conviction under 26 U.S.C. § 7203 is invalid because the IRS did not provide an assessment or notice of taxes due as required by 26 U.S.C. §§ 6201(a), 6203, 6303. This claim is without merit. "The filing of an administrative assessment record is not required before a criminal prosecution may be instituted under 26 U.S.C. §§ 7201–07 (1976) for failure to report or pay income tax." *United States v. Voorhies,* 658 F.2d 710, 714 (9th Cir.1981).

■ Appellant claims that his failure to file cannot be deemed "willful" within the meaning of the charging statute, 26 U.S.C. § 7203, because the filing of a tax return is voluntary. This claim was rejected in *United States v. Drefke,* 707 F.2d 978, 981 (8th Cir.1983), wherein the court described appellant's argument as "an imaginative argument, but totally without arguable merit." *Id.* at 981. Considering appellant's gross income for 1979, 1980 and 1981, he was clearly commanded to file tax returns for those years. *See* 26 U.S.C. § 6012.

■ Appellant challenges his conviction on the grounds that wages and salaries are not "income" within the meaning of the sixteenth amendment, thus relieving him of any duty to file. Although the sixteenth amendment, giving Congress the power to tax income, does not define "income," the courts have interpreted the term in its every day usage to mean gain derived from capital, from labor, or from both combined. *See United States v. Safety Car Heating & Lighting Co.,* 297 U.S. 88, 99, 56 S.Ct. 353, 358, 80 L.Ed. 500 (1936); *Helvering v. Edison Bros. Stores, Inc.,* 133 F.2d 575, 579 (8th Cir.), *cert. denied,* 319 U.S. 752, 63 S.Ct. 1166, 87 L.Ed. 1706 (1943). Clearly wages and salaries fall within this definition and are therefore constitutionally taxable.

■ Appellant claims that the trial court's instructions defining the offense and the number of possible violations were erroneous. We do not reach these allegations because appellant failed to object to these instructions at trial as required by Fed.R. Crim.P. 30. In any event, appellant's contentions are totally lacking in merit.

■ Appellant maintains that the trial court erred in denying his motion pursuant to Fed.R.Crim.P. 48(b) to dismiss the indictment for prosecutorial delay. At trial appellant argued that the government's delay in charging appellant prejudiced the defense because witnesses' memories had dimmed. The district court rejected this argument, finding neither actual prejudice nor unreasonable delay. *See United States v. Lovasco,* 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977); *United States v. Taylor,* 603 F.2d 732, 735 (8th Cir.), *cert. denied,* 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). On appeal, appellant claims for the first time that he should have been indicted earlier to prevent him from committing so many offenses. A defendant must raise before trial by motion any objections based on defects in the indictment. Fed.R.Crim.P. 12(b)(2). Failure to raise nonjurisdictional objections prior to trial constitutes waiver of such objections. Fed.R.Crim.P. 12(f). We observe, however, that the contention while perhaps imaginative is essentially frivolous.

■ Finally, appellant alleges that the district court erroneously admitted evidence of other acts in violation of Fed.R.Evid. 404(b). This contested evidence consisted of a letter from the IRS to appellant dated May 6, 1983, concerning appellant's failure to claim any exemptions on his Form W–4, and appellant's reply letter of May 18, 1983, in which appellant propounded eight questions challenging the government's right to tax his wages as income.

It is settled that evidence of other crimes or acts is admissible under Fed.R. Evid. 404(b) to show intent, plan, or absence of mistake, so long as four additional prerequisites are met, *i.e.,* (1) a material issue has been raised; (2) the proffered

evidence is relevant to that issue; (3) the evidence of other crimes is clear and convincing; and (4) the evidence relates to wrongdoing similar in kind and reasonably close in time to the charge at trial. *United States v. Farber,* 630 F.2d 569, 571 (8th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981).

In the case at bar, the government offered the contested evidence to show appellant's willfulness in failing to file. Appellant contends that the evidence did not meet the fourth prerequisite listed above because the correspondence was far removed in time from the crimes charged. We disagree. Both of the contested letters were executed less than two years after the return date for 1981. *See id.* at 572 (three and one-half years reasonably close in time). Moreover, subsequent tax paying conduct is relevant to the issue of willfulness in a prior year.[2] *Id.*

Accordingly, the judgment of the district court is affirmed.

Michael L. Thynne, Paul J. Denton, Denton & Thynne, P.C., Denver, Colo., for defendant/appellant.

Before WALLACE, FARRIS and NELSON, Circuit Judges.

---

**2.** In his reply brief appellant mentions that his consecutive sentences are excessive in that he was found guilty of a misdemeanor for which the maximum punishment cannot exceed one year. He cites no authority in support of this contention and we know of none applicable to the circumstances of this case.