UNITED STATES of America,
Plaintiff-Appellee,

v.

**Ted SMITH, Defendant-Appellant.**

No. 83–3087.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1984.

Decided June 26, 1984.

Opinion on Denial ·of Rehearing and Rehearing En Banc Sept. 11, 1984.

---

Michael L. Paup, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Stephen R. Sady, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Before KILKENNY, KENNEDY and FERGUSON, Circuit Judges.

KILKENNY, Circuit Judge:

Appellant Smith appeals from his conviction under 26 U.S.C. § 7203 for willful failure to file a federal income tax return for the year 1980. We affirm.

Appellant filed his income tax forms for 1978, 1979, and 1980 by asserting his fifth amendment privilege against self-incrimination on most of the forms' lines and by attaching various taxation protest material. Appellant was arraigned on three counts of failure to file income tax returns in violation of 26 U.S.C. § 7203. At his jury trial, appellant argued that he was entitled to assert the fifth amendment and, in the alternative, that his good faith assertion of the privilege negated the willfulness requirement. The trial judge held as a matter of law that appellant did not validly exercise the privilege, a holding not challenged on appeal. The jury convicted appellant of the 1980 offense and acquitted him of the 1978 and 1979 charges.

Appellant contends on appeal that the trial court abused its discretion by refusing

his request for a specific jury instruction on willfulness, by removing the willfulness issue from the jury, and by excluding letters written by appellant to the IRS.

## ISSUES

1. Did the district court abuse its discretion (a) by refusing to give appellant's requested jury instruction on willfulness, or (b) by misleading the jury on the good faith issue in its fifth amendment instruction?

2. Did the district court abuse its discretion by excluding from evidence letters written by appellant to the IRS?

## JURY INSTRUCTIONS

### (A) *Standard of review*

■ The adequacy of a judge's instructions to the jury is measured by reading the instructions as a whole. The judge's formulation of those instructions or his choice of language is entirely in his discretion, so long as the instructions fairly and adequately cover the issues presented. *See United States v. Abushi,* 682 F.2d 1289, 1299 (CA9 1982); *United States v. James,* 576 F.2d 223, 226 (CA9 1978).

### (B) *Discussion*

■ Appellant first challenges the court's failure to give a more specific instruction on willfulness. We find no abuse of discretion. The trial judge gave the standard willfulness instruction approved by the Supreme Court of the United States in *United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976) (per curiam). *See United States v. Brooksby,* 668 F.2d 1102, 1104 (CA9 1982). A criminal defendant has no right to insist on particular instruction language, *United States v. Pallan,* 571 F.2d 497, 501 (CA9), *cert. denied* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978), and upon careful review we conclude that the instructions fairly and adequately informed the jury that a good faith misunderstanding of the law entitles the defendant to an acquittal. *See United States v. Hawk,* 497 F.2d 365, 368–69 (CA9) (failure to give 'bad purpose and evil motive' instruction regarding § 7203 willfulness requirement is not reversible error), *cert. denied* 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974); *United States v. Walker,* 479 F.2d 407, 409 & n. 2 (CA9 1973). Appellant testified at trial concerning his beliefs at the time he claimed the

privilege on his return, and his attorney argued the good faith issue to the jury.

■ Appellant next argued that the following instruction's reference to a "good faith defense" may have misled the jury into believing that the court was also referring to appellant's good faith as it related to the willfulness requirement:

I therefore instruct you that the defendant is not entitled to a [f]ifth [a]mendment privilege as a defense to the charges against him of failing to answer certain questions or file tax returns. If such a defense were permitted, anybody that had some notion about what law is, however outlandish that notion might be, would have a good faith defense....

Even though appellant is not entitled to fifth amendment protection, he may not be properly convicted for an erroneous claim of privilege asserted in good faith. *See United States v. Carlson,* 617 F.2d 518, 523 (CA9), *cert. denied* 449 U.S. 1010, 101 S.Ct. 564, 66 L.Ed.2d 468 (1980); *Garner v. United States,* 424 U.S. 648, 662–63 & n. 18, 96 S.Ct. 1178, 1186–87 & n. 18, 47 L.Ed.2d 370 (1976). The validity of an exercise of the fifth amendment is a question of law, *see United States v. Neff,* 615 F.2d 1235, 1239–40 (CA9), *cert. denied* 447 U.S. 925, 100 S.Ct. 3018, 65 L.Ed.2d 1117 (1980), the taxpayer's good faith a question of fact, *Carlson,* 617 F.2d at 523.

■ Although the court's instruction might have been worded more precisely, we find no abuse of discretion when it is considered with the rest of the instructions and in the context of the trial. Appellant's only defense at trial was his good faith. He testified extensively on that ground, and had his attorney argue the issue in closing. Moreover, the above instruction was given in the midst of those on the *legal* issue of whether defendant properly claimed the privilege; earlier the court had instructed the jury on the *factual* issue, that the defendant's conduct is not willful if he acted under a good faith misunderstanding of the law.

## EXCLUSION OF LETTERS

### (A) *Standard of review*

■ The district court's decision to exclude evidence will be reversed only if there was an abuse of discretion. *See United States v. Hooton,* 662 F.2d 628, 634–35 (CA9 1981), *cert. denied* 455 U.S.

1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982). To be admissible, evidence must be probative of an issue in dispute and must not be outweighed by its potential for prejudice. FRE 401, 402, 403. In particular, other acts proffered to establish a defendant's intent must be clearly established and must be close enough in time to the act charged to reliably reflect intent at that time. *See Hooton,* 662 F.2d at 634–35.

(B) *Discussion*

■ The government introduced letters from the IRS to appellant dated October 30, 1979, June 22, 1979, and September 2, 1980, stating that appellant's tax forms for the corresponding years of 1978–80 were not acceptable and that appellant could be subject to criminal prosecution. Appellant offered letters he had allegedly written in reply to the IRS letters. The district court excluded the letters as irrelevant on the ground that they were written after criminal prosecution had been threatened and therefore could not reflect appellant's mental attitude during the relevant time period. Appellant contends that the letters were probative of his state of mind at the time he filed the forms, that their exclusion was prejudicial, and that the jury was allowed to conclude erroneously that appellant ignored the IRS letters.

Appellant's arguments are without merit. None of appellant's letters were written in reply to the IRS letters admitted into evidence. Except for one undated letter (Exhibit 117), the letters were directed to an IRS agent or his superiors after the criminal investigation commenced.

Apparently the letters were written between November, 1981 and January, 1983. Only two of the six letters are dated, however, and the earliest of those, that of November 20, 1981, was written over a year after appellant received the final admitted IRS letter. Although appellant may have been under investigation by the government at the time, the letter has little probative value because it contained no information relevant to the asserted good faith defense. *See Hooton,* 662 F.2d at 635. The same reasoning applies to the second dated letter, that of September 27, 1982; it also contained no relevant information on appellant's good faith. *See id.* Appellant's other letters constitute no more than his continued efforts to protest the taxation system.

The Eighth Circuit has recently held admissible a taxpayer's reply letter to the IRS, similar in content to one of appellant's letters, in *United States v. Richards,* 723 F.2d 646 (CA8 1983). We find *Richards* distinguishable. Unlike the letters at issue here, the taxpayer's letter in *Richards was* a reply letter to the IRS and was written less than two weeks after the IRS' letter was written. 723 F.2d at 648–49. If anything, introduction of the letters would have benefited the government by showing appellant's willfulness in failing to file. *See id.* at 649.

Accordingly, we hold that the district court did not abuse its discretion by excluding appellant's proffered letters.

AFFIRMED.

## ON REHEARING

The panel as constituted in the above case has voted to deny the petition for rehearing and to reject the suggestion for a rehearing *in banc.*

The full court has been advised of the suggestion for an *in banc* rehearing, and no judge of the court has requested a vote on the suggestion for rehearing *in banc.* FRAP 35(b).

In response to the petition, we comment on the following two cases:

*United States v. Brooksby,* 668 F.2d 1102 (CA9 1982), cited by appellee in no way controls this case. The trial court simply overlooked giving an instruction on willfulness, an essential element of the crime. Here, that instruction was included.

■ The fact that we rely on the entire charge and argument to mitigate the damage that might have been caused by any erroneous part of the instructions is entirely proper. We must consider those matters in the context of the whole trial. *United States v. Park,* 421 U.S. 658, 674–75, 95 S.Ct. 1903, 1912–13, 44 L.Ed.2d 489 (1975); *United States v. James,* 576 F.2d 223, 227 (CA9 1978).

The petition for rehearing is denied and the suggestion for a rehearing *in banc* is rejected.