**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clifton Patton COSBY, M.D.,**
**Defendant-Appellant.**

**No. 74–1035.**

United States Court of Appeals,
Ninth Circuit.

June 24, 1974.

Rehearing Denied Aug. 15, 1974.

---

**406**

Joseph Sack (argued), Fullerton, Cal., for defendant-appellant.

Richard J. Henry, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS and CARTER, Circuit Judges, and SCHWARTZ,* District Judge.

SCHWARTZ, District Judge:

Appellant was charged in an eight-count indictment with possession and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), and with using communication facilities to facilitate distribution in violation of 21 U.S.C. § 843 (b). The jury returned a verdict of guilty on all eight counts.

Although appellant raises thirteen assignments of error, only three warrant discussion:

1. admissibility of tape-recorded telephone conversations between appellant and a government informant;

2. admissibility of evidence regarding prior purchases of cocaine; and

3. propriety of limitation on cross-examination of a government witness.

▆▆▆ Appellant contends that the taping of conversations between government informant Teply and himself was an unreasonable invasion of privacy, violative of his Fourth Amendment rights. Teply consented to the taping, thus eliminating any constitutional overtones. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); United States v. King, 472 F.2d 1 (9th Cir. 1972). Transcripts of the tapes were also properly admitted. Fountain v. United States, 384 F.2d 624 (5th Cir. 1967); cert. denied 390 U.S. 1005, 88 S. Ct. 1246, 20 L.Ed.2d 105 (1968). Further, a proper foundation was laid for the introduction of the tapes and transcripts at trial. Agent Ketchum testified that she was present at the taping, could identify the voices and made accurate transcripts.

▆▆▆ The second assignment of error involves the introduction of evidence showing purchases of cocaine by appellant prior to the sales alleged in the indictment. Appellant argues that such evidence was irrelevant and prejudicial. The evidence was relevant to the issues of the case since it tended to show possession by appellant of quantities of co-

---

* Honorable Edward J. Schwartz, United States District Judge, Southern District of California, sitting by designation.

caine substantially in excess of his needs as a practicing physician.

 Finally, appellant claims that he should have been permitted to inquire into the specific address of the informant. However, Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), does not establish a rigid rule of disclosure, but rather discusses disclosure against a background of factors weighing conversely, such as personal safety of the witness. In the instant case, the government met its burden by making an adequate representation that the informant's life had been threatened, causing him to relocate his family. United States v. Ellis, 468 F.2d 638 (9th Cir. 1972).

The court finds no merit in any of appellant's other contentions and affirms the conviction on all counts.

Affirmed.