**UNITED STATES of America, Appellee,**

v.

**Meril Martinez RANGEL, Appellant.**

**No. 75–1726.**

United States Court of Appeals,
Ninth Circuit.

March 29, 1976.

Rehearing and Rehearing En Banc
Denied May 17, 1976.

Matthew N. Lees (argued), San Diego, Cal., for appellant.

Stephen W. Peterson, Asst. U. S. Atty. (argued), San Diego, Cal., Terry J. Knoepp, U. S. Atty., Stephen W. Peterson, Asst. U. S. Atty., San Diego, Cal., on the brief, for plaintiff-appellee.

OPINION

Before DUNIWAY and ELY, Circuit Judges, and WONG,* District Judge.

WONG, District Judge:

Appellant, Meril Martinez Rangel, was convicted on both counts of an indictment, the first charging him with conspiracy with other persons to possess heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 846; the second charging him with possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

He appeals the conviction on three grounds: (1) that an informant who testified against appellant should have been required to divulge his true name, home address, and phone number on the witness stand; (2) that hearsay statements testified

to by the informant were inadmissible; and (3) that the defense of entrapment should have been granted as a matter of law. Finding each of the appellant's contentions without merit, we affirm.

■ Appellant first claims that the informant who testified against him should have been required to divulge his true name, home address, and phone number on the witness stand. *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). *Smith v. Illinois*, however, "does not establish a rigid rule of disclosure, but rather discusses disclosure against a background of factors weighing conversely, such as personal safety of the witness." *United States v. Cosby*, 500 F.2d 405, 407 (9th Cir. 1974); *United States v. Ellis*, 468 F.2d 638 (9th Cir. 1972). In the instant case, as in *Cosby*, the government made an adequate representation that the informant's life had been threatened, causing him to relocate his family. Moreover, evidence adduced in the lower court's *in camera* hearing on this issue further satisfied the trial judge that the government's representations were not groundless. This Court has reviewed the transcript of the *in camera* proceeding and is not persuaded the trial court's ruling was erroneous.

Appellant next argues that the court improperly admitted hearsay to show disposition to commit the offense, in response to an entrapment defense. This Court has only recently held that it is error to admit such hearsay testimony to which objection was made. *United States v. McClain*, 531 F.2d 431 (9th Cir. 1976). It criticized certain Fifth Circuit cases which held that, "when a defendant sets up the defense of entrapment, the government can put a witness on the stand and have him testify that unknown informants, of unknown reliability, have told the witness, or have made reports to others that the witness has seen or been told about, that the defendant was dealing in narcotics  .  .  .." *Id.* at 435.

* Honorable Dick Yin Wong, United States District Judge, District of Hawaii, sitting by designation.

The case under consideration differs from the *McClain* case, as well as from the cases criticized in the *McClain* opinion. Here the source of the hearsay was disclosed; it was appellant's brother, Ernesto, who told the testifying informant that appellant dealt in narcotics.[1] The brother, Ernesto, was called as a witness by the defense. He testified that he knew that the informant was dealing in narcotics and that he nevertheless told the informant to get in touch with his brother, the appellant. As is shown in the portion of the transcript quoted in the margin, the matter was opened up by the defense counsel. Under these circumstances, we doubt that appellant is in a position to complain. We need not decide, however, whether the admission of the evidence was error under our decision in *McClain*.

◼ Assuming *arguendo* that it was error to admit the informant's hearsay testimony, such error was harmless, Fed.R. Crim.P. Rule 52(a). There was overwhelming evidence that Rangel was not induced by any government agent to commit the offense. Nor was there any evidence that Rangel was coerced by any government agent. We conclude that the admission of the hearsay was harmless.

◼ Finally, appellant insists that the defense of entrapment should have been granted as a matter of law. Entrapment as a matter of law exists only when there is undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion or fraud of a government agent. *United States v. Gibson*, 446 F.2d 719 (10th Cir. 1971). In the case *sub judice* the facts were disputed and were therefore properly before the jury.

AFFIRMED.

1. Such testimony developed from a response to a question asked of the informant in cross-examination by defense counsel:

"Q. That was your whole purpose in calling him [appellant] in the first place?

A. My purpose in calling him in the first place was the fact that I was told that he was dealing in narcotics, sir."

In redirect examination, the following transpired:

"Q. Okay. Now, you mentioned on cross examination that initially you had been told that Mr. Rangel was dealing in narcotics.

A. Yes, I was.

Q. All right. Who told you that?

A. His brother, Meril Rangel.

Q. Meril Rangel? What's his brother's name?

A. I mean—I'm sorry. Ernesto Rangel.

Q. That's the gentleman that you met in—

A. Yes, in Delano, California.

Q. That's where he is now?

A. Yes, as far as I know, he is.

Q. Now, when the brother told you this, this was in—while you were in Safford, Arizona; is that right?

A. Yeah, he told me while I was there in Safford. When I came out, I went up and talked to him in Delano, California. And he—At this time, he said he was going to get ahold of Meril and talk to Meril; that he was dealing primarily in marijuana.

Q. Now, by 'he,' you're speaking about—

A. Ernesto.

Q. Ernesto was dealing primarily in marijuana?

A. Yes.

MR. LEES: Your Honor, I ask that that be stricken and taken outside the facts to the jury, based on hearsay.

MR. PETERSON: Your Honor, this is an entrapment case.

MR. LEES: But that has nothing to do with the hearsay.

THE COURT: Move to strike the hearsay? Let us proceed. I instruct the jury to disregard the last statement.

MR. PETERSON: This is with respect to—

THE COURT: Ernesto.

MR. PETERSON: All right.

Q. Now, what did Ernesto tell you about his brother, Meril Rangel?

A. He said that—

MR. LEES: Same objection, Your Honor."

The trial court eventually overruled this objection and informant was permitted to testify that Ernesto Rangel told him that the purpose of meeting with appellant was "to discuss cocaine and heroin." It should be noted, however, that no objection was made by defense counsel the first time the informant was asked who had told him that appellant was dealing in narcotics.