**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Mohammed Hadi FEKRI, National
Laboratory Enterprises, Inc.,
Defendants-Appellants.**

**No. 80–1411.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 1981.

Decided July 13, 1981.

Rehearing Denied August 20, 1981.

Douglas G. Simon, Los Angeles, Cal., for defendants-appellants.

Andrea Sheridan, Ordin, U. S. Atty., Los Angeles, Cal., on brief; Robert A. Pallemon, Asst. U. S. Atty., Los Angeles, Cal., argued, for plaintiff-appellee.

Before GOODWIN and SCHROEDER, Circuit Judges, and EAST *, District Judge.

PER CURIAM:

Appellants were convicted, after a trial to the court, of offering a ten percent cash rebate on Medicare and Medi-Cal collections and a discount on private patients' billings to a person to induce that person to refer his laboratory work to National Laboratory Enterprises, Inc., doing business as California Medic Enterprises, in violation of 42 U.S.C. § 1395nn(b)(2)(A) and 42 U.S.C. § 1396h(b)(2)(A).

■ The principal question before us is whether the evidence established entrapment as a matter of law. Upon review of that evidence, which included recorded conversations, we conclude that entrapment was not established as a matter of law. In *United States v. Rangel*, 534 F.2d 147 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 147, 50 L.Ed.2d 129 (1976), we held that "[e]ntrapment as a matter of law exists only when there is undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by the trickery, persuasion or fraud of a government agent." *Id.* at 149. *Accord, United States v. Prairie*, 572 F.2d 1316 (9th Cir. 1978).

■ Appellants also argue that the conduct of the government in this case amounted to a violation of due process. The Supreme Court has noted that "[W]e may some day be presented with a situation in which the conduct of law enforcement

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction ..." *United States v. Russell*, 411 U.S. 423, 432–33, 93 S.Ct. 1637, 1643, 36 L.Ed.2d 366 (1973). The possibility that a conviction may be reversed on due process grounds was left open in *United States v. Hampton*, 425 U.S. 484, 492–96, 96 S.Ct. 1646, 1651–53, 48 L.Ed.2d 113 (1976) (Powell, J., concurring); *id.* 425 U.S. at 496, 498–500, 96 S.Ct. at 1654–55 (Brennan, J., dissenting). This Court has consistently recognized that a criminal defendant may have a due process defense when the government's conduct has been sufficiently outrageous. However, we find that the government's involvement in this case amounted to no more than setting up an atmosphere in which the defendant would feel comfortable in discussing an illegal act and did not violate due process. *See United States v. Wylie*, 625 F.2d 1371 (9th Cir. 1980), *cert. denied sub nom., Perluss v. United States*, —— U.S. ——, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981) (agent's suggestion of form of payment not violative of due process); *United States v. McQuinn*, 612 F.2d 1193 (9th Cir.), *cert. denied*, 445 U.S. 955, 100 S.Ct. 1608, 63 L.Ed.2d 791 (1980) (agent's threatening statements to induce defendant to proceed with illegal plan not violative of due process).

 In *United States v. Stewart Clinical Laboratory, Inc.*, 652 F.2d 804 (9th Cir. 1981) we held that an indictment charging a defendant with offering remuneration as an inducement for referral of 'individuals' would not support a conviction based upon referral of laboratory work. Although the indictment in this case, like *Stewart*, cited 42 U.S.C. § 1396h(b)(2)(A) rather than 42 U.S.C. § 1396h(b)(2)(B), the illegal conduct described in this indictment referred to the referral of 'work' rather than individuals. No objection to any variance between the indictment and the proof in this case has ever been raised. When there has been no prejudice and the error is merely an error in the citation, reversal is not required. *Williams v. United States*, 168 U.S. 382, 18

S.Ct. 92, 42 L.Ed. 509 (1897); Fed.R.Crim.P. 7(c)(3). *See also Steinert v. United States Dist. Ct. for D. of Nev.*, 543 F.2d 69 (9th Cir. 1976).

Affirmed.