**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Wayne NORRIS, James Douglas Owens, George Dennis Berry, a/k/a Dennis Berry, and Thomas Shannon Darr, a/k/a Shannon Darr, Defendants-Appellants.**

**No. 89–1622.**

United States Court of Appeals, Fifth Circuit.

Aug. 27, 1990.

Rehearing Denied Oct. 2, 1990.

Thomas E. Kurth (court appointed), and John H. Hagler (court appointed for oral argument only), Dallas, Tex., for Norris.

Kerry P. Fitzgerald, Dallas, Tex., and William T. Habern, Riverside, Tex., for Owens.

Vic Feazell (court appointed), Waco, Tex., for Berry.

Carl D. Hughes (court appointed), Dallas, Tex., for Darr.

Marvin Collins, Delonia A. Watson, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee U.S.

Before GOLDBERG, GEE and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

The sole issue meriting discussion on this appeal is whether a defendant may be impeached by evidence and jury argument concerning a plea of "not guilty" in a previous unrelated prosecution in which the defendant was convicted despite that plea. In other words, whether an unsuccessful plea of not guilty can be characterized as a lie and used to attack a defendant's credibility. We conclude that a plea of not

guilty may not be used in this manner and reverse appellant Owens's convictions, remanding the matter for a new trial. We also reverse the possession with intent to distribute conviction of appellant Darr because appellee concedes that there is insufficient evidence to support the conviction. We affirm all other convictions of appellants.

### Facts

Appellants Norris, Owens, Berry, and Darr were tried together on charges relating to the manufacture, distribution, and sale of amphetamine. Appellants were convicted of all charges and appeal those convictions on a variety of grounds.

On cross-examination, the prosecutor questioned Owens about his prior conviction for delivery of marihuana. Over objection, the prosecutor elicited that Owens had pleaded not guilty to the delivery charge, that Owens had known that he was guilty, and that he had been convicted of the delivery charge. During jury argument, the prosecutor reiterated that Owens's prior not-guilty plea showed that Owens was "not honest," that Owens had left the jury with a false impression, and that, for this and other reasons, the jury should not believe that Owens was innocent of the charged offense.

### Analysis

■ We conclude that the trial court committed error by admitting evidence of Owens's earlier not-guilty plea to impeach him and by allowing the prosecutor to argue that Owens was dishonest based on this plea. The United States maintains that the trial court committed no error because Owens had placed his credibility in issue by testifying and, thus, that his earlier testimony can be used to impeach him. The Government's argument is not persuasive. Owens had a constitutional right to plead not guilty and should not be penalized for exercising that right. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Owens's constitutional

right places an absolute limit on the extent of admissible evidence and permissible argument—a limit which the prosecutor exceeded in this instance. Owens's not-guilty plea was not a "lie"; rather it was a mere formal exercising of his constitutional right to put the government to its proof. Allowing the prosecutor to mischaracterize Owens's plea was error.

■ Nor was the error harmless. Given that the prosecutor's questions and argument were improper, the error is harmless only if beyond a reasonable doubt the error did not contribute to the jury's verdict. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We conclude that because of the comparatively small amount of evidence presented against Owens and of the exculpatory nature of his testimony, permitting the prosecutor's questions was not harmless.

The Government concedes that it lacked sufficient evidence to sustain Darr's conviction for possession with intent to distribute. Accordingly, we reverse Darr's conviction on this count.

A careful examination of the record establishes that there is no merit in the other points of error advanced by the appellants.

### Conclusion

Given that the evidence of Owens's prior not-guilty plea may have contributed to his conviction, we hold that it was reversible error for the trial court to allow Owens to be impeached by evidence of his prior not-guilty plea and to allow jury argument predicated on that evidence. We REVERSE the convictions of Owens and REMAND the matter for a new trial. We also REVERSE Darr's conviction for possession with intent to distribute. We AFFIRM all other convictions of appellants.