953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerald W. BLEVINS, Defendant-Appellant.
 No. 91-10206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1992.
Decided Jan. 27, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerald Blevins appeals his conviction for speeding, affirmed by the district court following a trial before a United States Magistrate. Blevins received a $50 speeding ticket for traveling 86 miles per hour on a county road that leads into Beale Air Force Base.
 
 
 3
 Although the United States objects to our jurisdiction on the ground that the appeal from the Magistrate Judge to the district court was not timely, the district court heard Blevins' appeal and ruled on the merits. The district court implicitly found that there was excusable neglect for the delay, and we, like the district court, consider the merits of the appeal.
 
 
 4
 Blevins contends he was denied due process because the ticket failed to state that he would be prosecuted under federal law (the Assimilated Crimes Act) which incorporated California traffic laws. The ticket did state that he was charged with violating California Vehicle Code Section 22350--speeding. This apprised him of all the essential elements of the crime. The failure to specify that the crime arose under the Federal Assimilated Crimes Act in no way prejudiced his ability to defend, and such prejudice would be required for reversal on this ground. See United States v. Fekri, 650 F.2d 1044, 1046 (9th Cir.1981).
 
 
 5
 Blevins also contends there was insufficient evidence to show that he was speeding on the military base as opposed to on a county road off the base. As the district court ruled, the Magistrate-Judge's findings were fully supported by the military police officer's testimony and the radar evidence.
 
 
 6
 Appellant's principal contention is that he did not know that he was on a military base at the time he was found to be speeding. He does not dispute the fact that he was given fair warning of the speed limit as he approached the base. There are two reasons why the government did not need to prove that the appellant had actual knowledge of federal agency jurisdiction. First, because the appellant was charged and convicted of speeding, a crime which has no requisite mens rea, his mistaken belief that only the county enforced the law on that particular stretch of road was irrelevant. See United States v. Brooks, 841 F.2d 268, 269 (9th Cir.) (mistake of fact is a valid defense only if it negates a requisite mens rea element of the crime charged), cert. denied, 108 S.Ct. 2887 (1988). Second, the government is not required to prove that a defendant had actual knowledge that charged conduct occurred within federal jurisdiction. See United States v. Yermian, 468 U.S. 63, 73 (1983).
 
 
 7
 Finally, Blevins contends that the evidence of his speeding was obtained in violation of California Speed Trap Laws. Such state procedural laws are not assimilated into federal law under 18 U.S.C. § 13. The military police at Beale Air Force Base are not obliged to comply with rules related to the use of speed traps contained in the California Vehicle Code. Even if such compliance were required, the use of a radar gun in this case did not violate any provision in California Vehicle Code Sections 40801-40807.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3