12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel ABELLANEDA-LEON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Sebastian PEREZ-LUNA, aka F. Fernando Perez, aka
Sebastian Perez-Fernando, aka Fernando Perez,
Defendant-Appellant.
 Nos. 92-50742, 93-50118.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 8, 1993.
 
 Before: FLETCHER, PREGERSON, and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants appeal their convictions under 21 U.S.C. Secs. 841(a), 846 for conspiracy to possess and possession of methamphetamine with intent to distribute. We affirm in part and vacate in part.
 
 
 3
 * Both appellants assert a violation of their Sixth Amendment right to confront witnesses because they were denied information about the government informant. The record, however, demonstrates that the following information was disclosed: the informant's true name; prior arrest record and convictions (none); amount received for this operation ($500), amount received since 1987 ($120,000); cases in which informant had testified (none); any evidence in its possession of informant's lying, psychiatric problems, and pending criminal investigations (none). At trial, the informant's birthdate was also disclosed. Appellant Abellaneda-Leon's counsel, on his own initiative, tracked down the informant's address through the DMV.
 
 
 4
 In the context of all the information that was produced, much of the information that was denied to appellants was either cumulative or only marginally relevant. Appellant Perez-Luna's citation to Smith v. Illinois, 390 U.S. 129 (1968), for the proposition that he should have received the informant's home address is unavailing because Smith "does not establish a rigid rule of disclosure, but rather discusses disclosure against a background of factors weighing conversely, such as personal safety of the witness." United States v. Cosby, 500 F.2d 405, 407 (9th Cir.1974). And the record shows that the district court denied the informant's address for the sake of the informant's safety.
 
 
 5
 Finally, the informant was subject to substantial cross-examination. He admitted his only job was to be an informant, that he did not report his payment to the I.R.S. because nobody told him to, and that the second meeting with appellants was not planned and that they simply waited in the parking lot for 3 days for the informant to reappear. Because the jury received sufficient information to appraise the biases and motivations of the informant, the district court's rulings did not amount to an abuse of discretion. See United States v. Washington, 797 F.2d 1461, 1474 (9th Cir.1986); United States v. Cutler, 806 F.2d 933, 935 (9th Cir.1986); United States v. Feldman, 788 F.2d 544, 554 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 II
 
 6
 Appellant Abellaneda-Leon claims that he was deprived of a fair trial because he was forced to use a peremptory challenge on Juror Barham, whom the district court should have struck for cause. First, the record fails to show that appellant in fact used a peremptory challenge against Juror Barham. Second, the district court refused to ask further questions of a juror who would have been at most an alternate in a trial expected to last less than 2 days. This does not amount to an abuse of discretion. See United States v. Claiborne, 765 F.2d 784, 800 (9th Cir.1985), cert. denied, 475 U.S. 1120 (1986). Even if the court had abused its discretion in not asking Juror Barham a question, appellant has failed to show how this decision affected the jury's deliberations. See United States v. Anzalone, 886 F.2d 229, 235 (9th Cir.1989).
 
 III
 
 7
 Appellant Abellaneda-Leon claims that the district court erred in not instructing the jury on an entrapment defense. We agree. To have warranted an entrapment instruction, appellant must have produced some evidence on both prongs of the entrapment defense: government inducement and appellant's lack of predisposition. While a mere scintilla of evidence is not enough, as long as there is slight evidence--even though it may be "weak, insufficient, inconsistent or of doubtful credibility," United States v. Sotelo-Murillo, 887 F.2d 176, 178 (9th Cir.1989) (quoting United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988))--the defendant is entitled to the instruction. Refusing to give an entrapment instruction when the evidence warrants one is never harmless error. See Sotelo-Murillo, 887 F.2d at 178.
 
 
 8
 Appellant produced some evidence of government inducement. He testified that the drug source "Alicia" worked in conjunction with the government informant in inducing him to deliver the drugs. See Reporter's Transcripts at 260, 263. He also testified that the inculpatory comments he made in front of DEA agents were at the explicit instruction of the informant. See id. at 288. There was also some evidence of reluctance. The record shows that appellant is a young, poor, recent immigrant, with no prior arrests or convictions for drug offenses. It is true that after being read his Miranda rights, appellant confessed that he had sold methamphetamine for "Alicia" on two previous occasions. On the stand, however, he retracted this confession as one made under fear and duress. See id. at 275.
 
 
 9
 Although the evidence on both prongs may be marginal, we find it was sufficient to instruct the jury on an entrapment defense. Our recent opinion in United States v. Kessee, 992 F.2d 1001 (9th Cir.1993), controls. There, the evidence of entrapment was no stronger than it is here. For instance, the defendant was caught on tape discussing the drug transaction in a sophisticated drug-culture lingo. As in this case, the defendant in Kessee also confessed to the police that he made previous narcotics sales. Nevertheless, at trial, he explained away these facts in a manner arguably consistent with the defense of entrapment. Despite our belief that the district court's skepticism was well-founded, we nonetheless held that the entrapment instruction should have been given. See id. at 1004. The same result holds here.
 
 
 10
 The government argues that there was insufficient evidence to justify the entrapment instruction because Abellaneda-Leon's defense was ignorance, not entrapment. Accordingly, the government claims that appellant offered no evidence that he had a guilty state-of-mind, much less one implanted by government inducement. But, consistency between alternative criminal defenses is not required. See Mathews v. United States, 485 U.S. 58, 66 (1988). Here, there was sufficient evidence that the government had induced a guilty state-of-mind to justify an entrapment instruction.
 
 IV
 
 11
 Appellant Abellaneda-Leon challenges his sentence, which was based on a finding that appellant possessed over 100 grams of methamphetamine. This figure was computed by multiplying the drug samples' weight by their purity, which a government chemist testified at trial to be over 26%. No cross-examination occurred on this issue because purity was irrelevant at trial.
 
 
 12
 At sentencing, appellant Abellaneda-Leon challenged the scientific method used in measuring the mixture's purity. The government did not respond with any evidence regarding the reliability of the purity measurement. Nonetheless, on the trial testimony of the government chemist, the district court ruled that the government had carried its "preponderance of the evidence" burden of proof.
 
 
 13
 We hold that the district court abused its discretion in not holding an evidentiary hearing as permitted under Fed.R.Crim.P. 32(c)(3)(A). Cf. United States v. Harrison-Philpot, 978 F.2d 1520, 1525 (9th Cir.1992) (remanding under Rule 32(c)(3)(D) and delaying judgment on whether the court abused its discretion granted under Rule 32(c)(3)(A)), cert. denied, 113 S.Ct. 2392 (1993). The district court also committed a technical error in not appending specific written findings about the quantity of drugs to the presentence report as required by Fed.R.Crim.P. 32(c)(3)(D). See United States v. Turner, 898 F.2d 705, 709 (9th Cir.) ("Strict compliance with [this rule] is required and failure to comply will result in the case being remanded."), cert. denied, 495 U.S. 962 (1990).
 
 CONCLUSION
 
 14
 For appellant Perez-Luna, we AFFIRM his conviction, but VACATE his sentence. Although only Abellaneda-Leon, and not Perez-Luna, raised the sentencing issue on appeal, the record shows that the district court's abuse of discretion affected the sentences of both appellants. Accordingly, we REMAND Perez-Luna's cause for resentencing in accordance with an evidentiary hearing on the issue of the amount of methamphetamine possessed. Upon making a determination of the drug samples' purity, a written finding of fact should be appended to the presentence report, in compliance with Fed.R.Crim.P. 32(c)(3).
 
 
 15
 For appellant Abellaneda-Leon, we VACATE his conviction and REMAND for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3