**FILED**

NOV 24 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30012 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00337-JLR |
| v. | |
| STACY EARL STITH, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted November 2, 2009
Seattle, Washington

Before: ALARCÓN, FERNANDEZ and CLIFTON, Circuit Judges.

Stacy Earl Stith appeals his conviction on drug charges based on three

alleged trial errors. While the issues Stith raises might require reversal in an

appropriate case, the overwhelming evidence against Stith's entrapment defense

rendered any error harmless. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We assume without deciding that the government's cross-examination regarding Stith's prior not-guilty pleas infringed on Stith's constitutional right to be proved guilty of those charges beyond a reasonable doubt. *See United States v. Norris*, 910 F.2d 1246, 1247 (5th Cir. 1990). We need not decide that issue because even if there was error, it was harmless.

The amount of drugs that Stith had with him when he was arrested, his conduct in recorded telephone calls, and his implausible explanation of the informant's scheme leave us convinced beyond a reasonable doubt that any error was harmless. *See Chapman v. California*, 386 U.S. 18, 24 (1967). The evidence against Stith's entrapment defense was overwhelming. *Cf. United States v. Velarde-Gomez*, 269 F.3d 1023, 1034–35 (9th Cir. 2001) (en banc) (considering the weight of evidence in determining whether an officer's comments on a defendant's silence were harmless); *United States v. Nobari*, 574 F.3d 1065, 1081–82 (9th Cir. 2009) (considering the same in determining whether a prosecutor's misconduct was harmless).

The evidence against Stith also resolves the remaining issues because more deferential standards of review apply to nonconstitutional and unpreserved errors. Assuming there was improper admission of hearsay, that testimony more probably than not had no material affect the verdict. *See United States v. Seschillie*, 310 F.3d

1208, 1214 (9th Cir. 2002); *United States v. Rangel*, 534 F.2d 147, 149 (9th Cir. 1976). And assuming that the unpreserved Confrontation Clause error occurred, it did not affect Stith's substantial rights. *See United States v. Ramirez*, 537 F.3d 1075, 1086 (9th Cir. 2008).

We do not conclude that the cumulative effect of the errors "rendered the criminal defense far less persuasive and thereby had a substantial and injurious effect or influence on the jury's verdict." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (internal quotations omitted); *see also Nobari*, 574 F.3d at 1083. Stith's entrapment defense would have been unpersuasive in an errorless trial.

AFFIRMED.