FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50207 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00197-AG-2 |
| v. | |
| YU SUNG PARK, AKA Sung Park, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50268 |
| Plaintiff - Appellee, | D.C. No. 8:08-cr-00197-AG-1 |
| v. | |
| VO DUONG TRAN, AKA Duong Tran, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW, PAEZ, and RAWLINSON, Circuit Judges.

Yu Sung Park (Park) and Vo Duong Tran (Tran) appeal their convictions on four counts: (1) conspiracy to commit a robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951(a); (2) interstate travel to commit a robbery with a firearm, in violation of 18 U.S.C. § 924(g); (3) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (B); and (4) possession of a machine gun, in violation of 18 U.S.C. § 922 (o)(1).

1.          When the district court "makes a definitive ruling" to admit evidence at trial, there is no need to renew the objection to preserve the claim. *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011), *as amended*; *see also* Fed. R. Evid. 103(b). Because the district court made a definitive ruling on the admissibility of the audio recordings, Tran preserved his right to appeal this issue. *See id.*

2.          A party may file a motion to suppress recorded conversations when there was an expectation of privacy and that individual's privacy right was violated. *See United States v. King*, 478 F.2d 494, 506 (9th Cir. 1973).

Because Park was not a party to the recorded conversations, he had no expectation of privacy as to those conversations and, therefore, lacks standing to assert a Fourth Amendment challenge to the recordings. *See id.*

3.    When one party consents to recording a conversation, there is no Fourth Amendment violation as to him. *See United States v Cosby*, 500 F.2d 405, 406 (9th Cir. 1974); *see also United States v. White*, 401 U.S. 745, 751-52 (1971). Also, there is no expectation of privacy between a wrongdoer and a trusted accomplice who turns out to be an informer or undercover agent. *See United States v. Mayer*, 503 F.3d 740, 750 (9th Cir. 2007), *as amended*; *see also White*, 401 U.S. at 752. Because the special agent provided the recording equipment for the cooperating source's use during the investigation, it is a reasonable assumption that the cooperating source consented to the recordings. *See Cosby*, 500 F.2d at 406. In addition, a consent form signed by the cooperating source was admitted into evidence. This evidence was sufficient to establish consent and to avoid any Fourth Amendment violation. *See id.*

**4.** The government may lay a proper foundation for admission of recorded conversations when a government agent testifies at trial that the agent was privy to the recorded conversations, and can identify the voices on the recordings. *See id.* Because the government laid a proper foundation through the investigating agent's testimony, the district court did not abuse its discretion when it admitted the audio recordings into evidence. *See id.*

**5.** The Confrontation Clause of the Sixth Amendment guarantees the defendant the right to cross-examine government witnesses. *See Slovik v. Yates*, 556 F.3d 747, 752 (9th Cir. 2009). Although the government did not call the cooperating source as a witness, the court ordered the government to make the cooperating source available to the defense as a witness. There was no Confrontation Clause violation because the defense was given the opportunity to question the cooperating source for the benefit of the jury, but failed to do so. *See id.*

**6.** Mere conversations between co-conspirators do not establish the furtherance of a conspiracy. Rather, the conversations must set the conspiracy in motion or further the objectives of the conspiracy. *See United*

*States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988). Other evidence in the record may also establish a defendant's participation in a conspiracy. *See United States v. Pena-Espinoza*, 47 F.3d 356, 361 (9th Cir. 1995). We need not focus on the statements at issue because we conclude that "other evidence in the record" established the conspiracy, including the purchase of bullet-proof vests, the exchange of text messages, and travel to the location of the planned robbery. Thus, the audio recordings were properly admitted as statements made in the furtherance of the conspiracy. *See id.*

**AFFIRMED.**