**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10306 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00044-LEK-3 |
| v. | |
| JONATHAN TAUM, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10318 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00044-LEK-1 |
| v. | |
| JASON TAGALOA, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-10005 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00044-LEK-2 |
| v. | |
| CRAIG PINKNEY, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| Defendant-Appellant. |
| --- |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 9, 2024
University of Hawaii Manoa

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

In this consolidated appeal, Defendants Jonathan Taum, Jason Tagaloa, and Craig Pinkney timely appeal their criminal convictions arising from an incident in which the three defendants, who were Adult Correctional Officers, assaulted Chawn Kaili, a prisoner at the Hawaii Community Correctional Center. We affirm.[1]

Defendant Taum

1. The district court did not violate Taum's Confrontation Clause rights because the statements at issue, made by Tagaloa and Pinkney, did not constitute testimonial hearsay. "The Confrontation Clause 'applies only to testimonial hearsay, and does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.'" United States v. Audette, 923 F.3d 1227, 1238 (9th Cir. 2019) (quoting United States v. Wahchumwah, 710 F.3d 862,

---

[1] Taum's motion to supplement the record on appeal in case number 22-10306 (Docket No. 20) is GRANTED.

871 (9th Cir. 2013)) (some internal quotation marks omitted). "Testimonial statements resemble '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" United States v. Latu, 46 F.4th 1175, 1180 (9th Cir. 2022) (quoting Crawford v. Washington, 541 U.S. 36, 51 (2004)). Most of the admitted statements were not hearsay because the government offered them to prove that the declarants' statements were false, not true. See Fed. R. Evid. 801(c)(2) (defining hearsay as a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement"). Although the government offered some statements for reasons other than proving falsity, those statements either were not testimonial or were offered for reasons other than proving the truth of the matter asserted. Accordingly, none of the statements that Taum challenges violated the Confrontation Clause.

Additionally, we review for plain error Taum's Bruton argument because he did not object at trial. United States v. Nazemian, 948 F.2d 522, 525 (9th Cir. 1991). Bruton held that a defendant "is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." United States v. Mikhel, 889 F.3d 1003, 1044 (9th Cir. 2018) (citing Bruton v. United States, 391 U.S. 123, 126 (1968)). The district court did not err in admitting the statements that Taum

3

now challenges, because the statements are not facially incriminating confessions.

2.  We review Taum's challenges to the sufficiency of the evidence for plain error because he did not renew them in a post-trial judgment for acquittal.  United States v. Mongol Nation, 56 F.4th 1244, 1250–51 (9th Cir. 2023).  Taum challenges the sufficiency of the evidence for his convictions under 18 U.S.C. §§ 242 and 371.  On plain error review, the evidence offered against Taum for both charges was sufficient to support the convictions.

3.  Taum also challenges the district court's jury instructions for 18 U.S.C. §§ 242 and 371.  Because Taum failed to raise his current objections at trial, we review for plain error.  United States v. Franklin, 321 F.3d 1231, 1240 (9th Cir. 2003).  The district court properly instructed the jury as to the law.  Indeed, the district court provided the Ninth Circuit's model instruction as requested by Taum.  There was no plain error.

4.  Next, Taum asserts that the government engaged in prosecutorial misconduct when it made certain statements in its closing argument.  Because Taum did not object at trial, we review for plain error.  United States v. Gomez, 725 F.3d 1121, 1131 (9th Cir. 2013).  All but one of the prosecutor's comments in closing argument were proper because they were based on evidence in the record and were not mere opinions of the prosecutor.  See United States v. Phillips, 704 F.3d 754, 766–67 (9th Cir. 2012) (holding that, although personal opinions of the

prosecutor are improper, the prosecutor may refer to a defendant's lies if the prosecutor is "commenting on the evidence and asking the jury to draw reasonable inferences" (citation and internal quotation marks omitted)).

It was improper for the prosecutor to state that Taum was "immoral." Nevertheless, in the context of the arguments as a whole and of the trial as a whole, that statement did not substantially prejudice Taum. See United States v. Ruiz, 710 F.3d 1077, 1084–85 (9th Cir. 2013) (holding that courts will overturn convictions only if the prosecution makes an improper statement that results in substantial prejudice).

5. Taum also contends that we should reverse for cumulative error. "There can be no cumulative error when a defendant fails to identify more than one error." United States v. Solorio, 669 F.3d 943, 956 (9th Cir. 2012). Because Taum failed to establish that the district court committed any error, he likewise did not establish cumulative error.

6. Finally, Taum argues that the district court erroneously applied a two-level increase for obstruction of justice under U.S. Sentencing Guideline § 3C1.1. Because Taum did not object at sentencing, we review for plain error. United States v. Herrera–Rivera, 832 F.3d 1166, 1172 (9th Cir. 2016). The two-level increase resulted from Taum's conviction for obstruction of justice under 18 U.S.C. § 371. The jury's verdict on that count necessarily included a unanimous factual

finding that Taum violated 18 U.S.C. §§ 1512(b)(3), 1519, or both. Taum's challenge to the pre-sentencing report's finding that he may have lied under oath is not dispositive because the conviction for obstruction of justice independently supports the two-level increase.

<u>Defendant Tagaloa</u>

7. Tagaloa challenges his convictions by arguing that the government knowingly offered false testimony from Officer DeMattos in violation of <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). Because Tagaloa did not raise a <u>Napue</u> objection at trial, we review for plain error. <u>United States v. Houston</u>, 648 F.3d 806, 813 (9th Cir. 2011).

To prevail on a <u>Napue</u> claim, Tagaloa must show that the government offered material testimony that it knew, or should have known, was false. <u>United States v. Renzi</u>, 769 F.3d 731, 751 (9th Cir. 2014). Tagaloa cites inconsistencies in the evidence but makes no credible assertion that DeMattos lied, much less that the government knew that any of his testimony was false. Inconsistencies between a state's witness and a defendant's witness are simply not sufficient to sustain a <u>Napue</u> claim, especially on plain error review. <u>See</u> <u>id.</u> at 752 ("Mere inconsistencies . . . generally do not satisfy the falsehood requirement.").

8. Tagaloa next argues, on grounds not raised at trial, that the surveillance video of the officers assaulting Kaili was improperly admitted. We review for

6

plain error. United States v. Gadson, 763 F.3d 1189, 1205 (9th Cir. 2014). Tagaloa now claims that DeMattos was not qualified to authenticate the surveillance video. A witness with knowledge that an item is what it claims to be may authenticate a piece of evidence. Fed. R. Evid. 901(b)(1); see United States v. Cosby, 500 F.2d 405, 406 (9th Cir. 1974) (holding that an agent who was present at an audio taping and could testify to the accuracy of the resulting tapes could authenticate them).

DeMattos properly authenticated the surveillance video. He testified that the video was an accurate representation of the incident, that he had previously watched the entire video, and that he knew Taum created the video because he had attended the meeting at Taum's home.

9. Tagaloa also challenges the sufficiency of the evidence supporting his convictions. We review for plain error because Tagaloa did not renew his sufficiency arguments in a post-trial judgment for acquittal. Mongol Nation, 56 F.4th at 1250–51. Testimony from several fact witnesses and a use-of-force expert, as well as the surveillance footage—which captured the entirety of the assault—is sufficient to support Tagaloa's convictions.

10. Finally, Tagaloa challenges his convictions by claiming that the district court violated his Garrity rights. In Garrity v. New Jersey, 385 U.S. 493 (1967), the Supreme Court held that the Fifth Amendment's protection against self-incrimination "prohibits use in subsequent criminal proceedings of [coerced]

7

statements obtained under threat of [termination]." Id. at 500. Tagaloa argues that the district court improperly admitted certain statements that he made in a questionnaire, related to the assault of Kaili. Tagaloa's employer told him that refusal to complete the questionnaire truthfully could result in his termination. The court later withdrew the questionnaire and admitted a redacted version. The court then gave the jury a curative instruction. Tagaloa did not object to the curative instruction, so we review for plain error. Puckett v. United States, 556 U.S. 129, 135 (2009).

Tagaloa offers no evidence supporting his assertion that the jury disregarded the district court's clear curative instruction. See United States v. Saelee, 51 F.4th 327, 345 (9th Cir. 2022) (holding that the jury is presumed to have followed specific instructions absent evidence that the jury failed to do so). Accordingly, the district court did not plainly err; there is no indication that its curative instruction failed to cure any prejudice caused by the initial admission of Tagaloa's statements.

### Defendant Pinkney

11. Pinkney challenges his convictions on the ground that Tagaloa's Garrity rights were violated. But Pinkney cannot assert Tagaloa's Fifth Amendment rights. See United States v. Blackman, 72 F.3d 1418, 1426 (9th Cir. 1995) (holding that the privilege against self-incrimination applies only to compulsion of the individual holding the privilege). Even if he could, as explained above, the district

8

court's curative instruction sufficiently protected Tagaloa's <u>Garrity</u> rights.

12. Finally, Pinkney argues that the district court erred by not severing his trial from that of his co-defendants. Pinkney did not renew his motion to sever at the close of his or the government's evidence and, thus, forfeited the argument. <u>See</u> <u>United States v. Depue</u>, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) ("The Supreme Court made clear a quarter-century ago that [w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a <u>known</u> right." (internal quotations omitted)); <u>United States v. Alvarez</u>, 358 F.3d 1194, 1206 (9th Cir. 2004) (holding that a motion to sever must be renewed at the close of evidence). We review forfeited arguments for plain error.[2] <u>Depue</u>, 912 F.3d at 1232.

Pinkney does not show plain error. "Severance is appropriate under [Federal Rule of Criminal Procedure] 14 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" <u>United States v. Stinson</u>, 647 F.3d 1196, 1205 (9th Cir. 2011) (quoting <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993)). Pinkney has not shown that any of his trial rights were

---

[2] Even if we were to review more generously, as Pinkney contends that we must, we would come to the same conclusion.

compromised.  Thus, the district court did not plainly err by not severing the trial.

**AFFIRMED.**